UNDERWOOD *v.* LACAPERE—LANDRY AND BUSH, Warrantors.

When a party, residing in a distant parish, is called in warranty, he is bound to take notice of the orders of the court in the regular progress of the cause.

A defendant in a suit, having filed an answer, is presumed to have been present at the trial; and cannot, if no bill of exception is taken to the admissibility of testimony, avail himself of an objection in the Supreme Court.

When a warrantor has made default, the party who called him in, is bound to prove his demand, (C. P. 312) and this by testimony that appeared *prima facie* to have been taken according to law.

It is only when the party having no advocate of record, resides neither at the place where the court is held, nor in the parish where the deposition is to be taken, that the mode of giving notice to such party shall be by delivering to the Clerk of the court a copy of the interrogatories to be by him stuck up in his office. C. P. 428.

APPEAL from the Second District Court of New Orleans, LEA, J. *Jones*, for plaintiff. *M. Taylor & H. Taylor*, for defendant. *Dufour*, for *Bush*.

SPOFFORD, J. There was judgment in favor of the plaintiff against the original defendant, for the slave demanded in the petition; but the defendant was non-suited as to his demand against the warrantors.

He obtained a new trial as to that branch of the case alone; and on the new trial, judgment having been rendered against the warrantors, they have appealed.

The defendant was cited in New Orleans; the warrantors were cited in Lafourche, the parish of their residence. Madame *Landry* alone answered. *Bush* made no appearance, and a judgment by default was rendered against him after the lapse of more than the legal delay.

It is urged that the rule for a new trial was served upon the plaintiffs, and that it was made absolute as to the warrantors only, who had no notice. It was their own fault if they had no notice. They did not choose to employ counsel, and although they lived in a distant parish, they were bound to take notice of the orders of the court, in the regular progress of the cause. The court might have granted a new trial, *ex propio motu*, and we could not have interfered with such an exercise of its discretionary powers.

It is contended that the evidence offered on the new trial, and which alone ascertains the sum due by the warrantors, was taken *ex parte*, and should not have been received against the warrantors. We are of opinion that Madame *Landry*, who, having filed her answer, is presumed to have been present on the trial, cannot avail herself of the objection here, because she took no bill of exceptions in the court below. The evidence then fully sustains the judgment as to her.

But with regard to *Bush* who made default, we think the party who called him in warranty was bound to prove his demand. C. P. 312. To do this he should have administered evidence that appeared *prima facie*, to have been taken according to law. Now it is shown on the face of the *proces verbal* that the depositions of *Blanchard* and *Dauries*, were not taken according to law. "If the adverse party, having no advocate, as above expressed, reside in the parish where the deposition is to be taken, the Judge or Justice of the Peace, to whom the commission is directed, must, before examining the witness, give

written notice to such party, of the place where, and of the day and hour at <span style="float:right">UNDERWOOD<br>*v.*<br>LACAPERE.</span> which, he will take the testimony of the witness; always allowing a reasonable delay for the party to attend." C. P. 428. It is only when the party having no advocate of record, resides neither at the place where the court is held, nor in the parish where the deposition is to be taken, that the mode of giving notice to such party shall be by delivering to the Clerk of the court a copy of the interrogatories to be, by him, stuck up in his office. C. P. 428.

In this case the interrogatories were merely posted on the door of the 'court room. The record shows that the warrantor, *Bush*, resided in the parish of Lafourche, where the depositions of the only witnesses who make out a case against him, were taken ; and the record further shows that no notice of time and place were given him by the Justice of the Peace, who received the depositions. The evidence is not, therefore, legally binding upon *Bush*, and the judgment against him must be reversed.

It is, therefore, ordered, adjudged and decreed, that the judgment in favor of *Firmin Lacapere*, against Mrs. *Marie Celesie Landry*, widow of *Pierre C. Bourgeois*, be affirmed; it is further ordered that the judgment in favor of said *Lacapere*, against *Louis Bush*, be reversed, and that there be judgment in favor of said *Bush*, as in case of non-suit; it is further ordered that the costs of this appeal be borne one half by Madame *Landry*, widow *Bourgeois*, and the other half by said *Firmin Lacapere*.