## No. 1163.

WM. C. CULVERHOUSE ET AL. VS. JACOB MARX.—JAMES PEARSON, WARRANTOR.

When peremptory exceptions filed *in limine* have been tried and overruled, and answers have been filed, and at a subsequent term the case has been fixed and taken up and is on trial on the merits, the judge has no authority to interrupt said trial, and, of his own motion, to set aside the former judgment on exceptions and grant a new trial thereof, and forthwith to hear them and render judgment thereon sustaining the exceptions and dismissing plaintiff's suit.

The exceptions, *as such*, were out of the case, and the judge had no more authority to reinstate and try them *as exceptions*, than he would have had to interpose such exceptions originally.

The right of judges to grant new trials *ex officio* is subject to the same delays which apply to parties.

The overruling of exceptions is not *res judicata* on the subject matter thereof and does not preclude the court from rendering a different ruling when the same matter is brought up anew in proper form, as by answer to the merits; but this principle does not authorize the court to revive a defunct exception, and by sustaining it, defeat and deny the trial on the merits, which has been regularly opened.

APPEAL from the Third District Court, Parish of Union. *Holstead*, Special Judge.

---

*Thos. O. Benton* and *James A. Ramsey* for Plaintiffs and Appellants.

*Graham & Gaskins* and *J. E. Trimble* for Defendants and Appellees:

1. The special judge ordered a new trial, ex officio, of the exception which had been passed upon by his predecessor, a special judge, and tried the exception. Plaintiff retained bill.

Courts have the legal right to order new trials, ex officio, and the exercise of this right is in their discretion. C. P. 547; H. D. P. 987, No. 7; 10 Ann. 766.

2. Plaintiffs alleging want of authority in counsel, who acted for them before the court, must, before they can require proof of their authority, deny it on oath. 27 Ann. p. 73 and authority there cited; 26 Ann. 302; L. D. p. 70, Nos. 2, 3, 4 and 5.

3. Plaintiffs' petition discloses no cause of action. They claim the property as heirs of

Culverhouse et al. vs. Marx.

their mother, but show that defendant and warrantor hold under titles—and allege no reason why these titles should not stand in the way of their recovery. C. P. 44; L. D. p 520, No. 7, also p. 521, No. 8.

4. The plea of *res adjudicata* filed in exception of defendant and warrantor estops plaintiffs from recovery in this suit. In former suit judgment was rendered on agreement of parties, giving plaintiffs $567 50 instead of property claimed by them, and in terms settling the dispute between them. This judgment has become final, no appeal or action of nullity having been instituted. In the present suit the judgment is not attacked or mentioned.

The object of judgments is to settle disputes between parties, and it is as to the object of the judgment that the authority of the thing adjudged takes effect. C. C. 2286; 20 Ann. 285; H. D. p 763, No. 2; 23 Ann. 618; 32 Ann. 882 and 898; 33 Ann. 617.

----

The opinion of the Court was delivered by

FENNER, J. This is a petitory action, to which the defendant and warrantor interposed *in limine* certain peremptory exceptions.

The judge of the court having recused himself, called Allen Barksdale, Esq., as judge *ad hoc* who, having duly qualified, heard the said exceptions at the November, 1885, term of the court, and rendered judgment overruling them.

Thereafter the cause went to issue on the merits by answers filed by defendant and warrantor.

The case was continued at two succeeding terms and at the April term of 1886, Mr. Barksdale, being unable to attend, proffered his resignation as judge *ad hoc* and J. B. Holstead, Esq., was appointed and qualified in his stead, who thereupon entered his order fixing the case for trial on April 13.

On that day the case was regularly called and taken up for trial, and all the pleadings in the case were read, when the special judge, *ex officio* and of his own motion, entered his order setting aside the former judgment which had been rendered on the exceptions and granted a new trial of said exceptions and, proceeding forthwith to trial thereof, he rendered his judgment sustaining the same and dismissing plaintiffs' suit.

To these proceedings of the judge, counsel for plaintiffs excepted and took a bill of exceptions which is brought up in the record.

The question which meets us at the threshold is as to correctness of the judge's proceeding. We can discover no warrant of law or authority to sustain it.

By the effect of the former judgment overruling them, the exceptions *as such* were out of the case ; and the judge had no more right to reinstate and try them *as exceptions,* after the case had been opened on the merits, than he would have had to interpose such exceptions of his own motion, had the parties never filed them.

It is true that judges have the right *ex officio* to grant new trials under art. 547, C. P., but that right can only be exercised ordinarily within the same delays which are allowed to parties to move therefor.

It is equally true that, so far as the overruling of an exception is concerned, the judgment is not *res judicata* on the subject matter thereof, and does not preclude the court from reversing its ruling when the same matter is brought up anew in proper form, as by answer to the merits. Levy vs. Wise, 15 Ann. 38.

But this does not authorize the court to revive a defunct exception, after a case is on trial on the merits, to try it separately, and thus to defeat the trial on the merits.

If the subject matters of the exceptions were involved in the issues on the merits the judge, after hearing the merits and in rendering judgment, might have well ruled on such matters according to his discretion without being bound by the former ruling.

But he erred in depriving plaintiff of his trial on the merits and of the opportunity of bringing his whole case before this tribunal.

It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be annulled, avoided and reversed, and it is now adjudged and decreed that the case be remanded to the lower court, to be there proceeded with according to law and the views herein expressed.