(92 South. 320)

No. 25192.

## COURTIN v. BROWNE et ux.

(May 15, 1922. Rehearing Denied by Whole Court June 10, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Appeal and error ⬿458(2)—No suspensive appeal lies from interlocutory judgment awarding custody of child pending suit.**

A judgment, rendered on an interlocutory hearing, awarding the temporary care, custody, and control of a minor child to one of the parties during the pendency of the main demand, involving such custody, worked no irreparable injury, and no suspensive appeal lies therefrom.

2. **Parent and child ⬿2(4)—Father, qualified as natural tutor, held entitled to temporary custody as against grandparents.**

Under Civ. Code, arts. 336, 337, and Code Prac. art. 1059, the father of a minor child, who had duly qualified as natural tutor, was entitled to the child's temporary care, custody, and control, as against grandparents, pending a proceeding for determination of the right of custody.

3. **New trial ⬿157—Motion overruled instanter, when without merit in court's opinion.**

Under a court rule, providing that motions for new trial shall be submitted by the movers on briefs, and that if the court desire oral argument it will so order, the court may properly overrule the motion instanter without briefs, when of the opinion that there is no merit whatsoever in the application.

4. **New trial ⬿108(2)—Newly discovered evidence held insufficient in proceeding for temporary custody of minor child.**

Where an interlocutory judgment awarded temporary custody of a minor child pending the proceeding to her father who had qualified as natural tutor, newly discovered evidence that the father's mother-in-law with whom he boarded had stated she did not want the child in her house did not require a new trial, where the father was amply able to get another house.

Leche, J., dissenting.

Proceeding by Robert E. Courtin, involving the custody of a child, opposed by A. Oscar Browne and wife. Custody was awarded temporarily to plaintiff, and a suspensive appeal denied, and defendants apply for writs of prohibition and mandamus. Application rejected.

See, also, 148 La. 395, 87 South. 21; 149 La. 239, 88 South. 806; 149 La. 476, 89 South. 625; 150 La. 624, 91 South. 67.

W. O. Hart and J. D. Hill, both of New Orleans, for applicants.

Meyer S. Dreifus, of New Orleans, for respondent.

By Division A, composed of PROVOSTY, C. J., and OVERTON and LECHE, JJ. (Note.—In this case LECHE, J., dissented, and ST. PAUL, J., of Division C, took part in the case.)

PROVOSTY, C. J. This is an application to this court for prohibition, and for a mandamus to the trial judge to grant a suspensive appeal from an interlocutory order grant-

ing the custody of a child, pending an application for the permanent custody of the child. In answer to the rule nisi, the learned trial judge sets forth as follows his reasons for refusing the appeal:

"Now into this honorable court comes Hugh C. Cage, and for return to the rule issued herein to show cause why writs of mandamus and prohibition should not issue herein, directing and· commanding your respondent to hear an application for a new trial, and to grant a suspensive appeal for an order rendered by your respondent on March 21, 1922, your respondent says:

"That a petition was presented to your respondent as trial judge of division A of the civil district court for the parish of Orleans, on behalf of Robert E. Courtin, alleging himself to be the qualified natural tutor of the minor, Marguerite Lucille Browne Courtin, setting forth the illegal and unlawful possession of the said minor by Doctor A. Oscar Browne and his said wife, Mrs. A. Oscar Browne, alleging his right to have the child placed in his possession permanently, as its natural tutor.

"The petition contained a prayer for citation and a prayer for final judgment. The petition also contained a prayer for the issuance of a rule nisi, to show cause why during the pendency of the main demand the temporary care, custody, and control of the minor child, Marguerite Lucille Browne Courtin, his daughter and ward, should not be turned over to him.

"In accordance with the decree rendered by this honorable court in the matter of 'Robert E. Courtin praying for confirmation as natural tutor,' in application for writs of prohibition directed to your respondent, No. 25004 of the docket of this honorable court, an attempt was made by counsel for defendants Dr. A. Oscar Browne and his said wife, Mrs. A. Oscar Browne, to restrain and prohibit your respondent from trying the said cause. On January 31, 1922, the staying order rendered by this honorable court, restraining your respondent from trying the rule nisi, was recalled. Thereupon your respondent fixed said rule for trial. In the meantime exceptions were filed by the defendants to the main demand, to wit, on November 16, 1921. These exceptions were never fixed for trial and are still pending, and are separate and distinct exceptions from the exceptions filed to the hearing of the rule to show cause why the temporary care, custody, and control of the minor child should not be turned over to its natural tutor.

[1] "The entire matter heard and determined before your respondent on March 21, 1922, was the hearing of an interlocutory matter to determine the care, custody, and control of the minor child during the pendency of the main demand, which has not yet been set at issue; no answer having been filed by the defendants. Therefore the judgment rendered on the rule was an interlocutory judgment. It worked no irreparable injury, and from such judgment your respondent believed that the defendants were not entitled to a suspensive appeal.

"This honorable court recently held in the case of Eugenie La Place v. Henry R. Brierre, her husband, No. 25028, in refusing to grant a suspensive appeal from an interlocutory judgment rendered by a district judge, giving the temporary care, custody, and control of a minor child to a father, pendente lite, and in refusing a writ directed to the said trial judge requiring him to grant a suspensive appeal, as follows:

" 'An interlocutory order giving the temporary custody and care of a minor child to one of the parties in a divorce suit is not a final judgment.

" 'Such orders or rulings are peculiarly within the discretion of the trial judge, and are subject to change or revision by him at any and at all times, until a final judgment is rendered in the case. What was meant by our order refusing the previous application for a supervisory writ in this case on the ground that relatrix had a remedy by appeal was that she had a remedy by an appeal from a final judgment, or from any order that might work irreparable injury. The present application is denied.'

"In Succession of Reiss, reported 46 La. Ann. 347, 15 South. 151, 25 L. R. A. 798, where a controversy arose between the father and tutor of his two children and the maternal grandmother as to the right of the maternal grandmother to have the children visit her at intervals, this honorable court quoted approvingly from the French commentator, Laurent, as follows:

" 'We translate from Laurent, vol. 4, p. 362, who propounds the question: Can the ascendant demand that the authority of the father and mother be limited? In truth, the ascendants have certain rights that the law, in accord with nature, gives them, but only when the father and mother are dead or are incapable of manifesting their will. During the existence of the father and mother the law, properly, accords them no authority over the children. To permit them to intervene would occasion embarrassment and annoyance; even

more, it would injuriously hinder proper paternal authority by dividing it. The authority sought is said to be in the interest of the children. Are the children interested in anything in the nature of a conflict of authority? Without doubt it is desirable that the ties of affection that nature creates between the ascendants and their grandchildren be strengthened and unceasing; but, if there is a conflict, the father alone or the mother should be the judge. *The law gives no right of action to the grandparents.* The father may have good reasons to avoid all contact between his children and their grandparents—either that he fears that they may inculcate bad principles or that they will unsettle the respect and affection due him. He owes no account to any one for his motives. They may be so intimate that the honor of the family requires that they shall remain a secret. Shall we say that the judge should be the arbitrator between the grandparent and the father.'

[2] "Your respondent further says that the plaintiff in the main demand is before your respondent in his capacity as natural tutor of his minor child, having duly qualified and letters of tutorship having been issued to him. Article 336 of the Civil Code provides:

" 'The tutor administers and acts as such from the day of his appointment, if such appointment take place when he was present; otherwise, from the day on which notice was given to him.'

"Article 337 provides in part:

" 'The tutor shall have the care of the person of the minor, and shall represent him in all civil acts. * * *'

"Article 1059 of the Code of Practice provides:

" 'When an appeal is made from a judgment appointing or removing a tutor or curator of a minor, interdicted or absent person, or of a vacant succession or absent heirs, or other administrators of successions, such appeal shall not suspend the execution of the judgment, but it shall have effect provisionally, until the appeal be decided.'

"Your respondent says that your respondent rendered the decree awarding the temporary care, custody, and control of the minor, Marguerite Lucille Browne Courtin, to the natural tutor, for the reasons:

"First—That the tutor had qualified and was the only person before the court that had any right to the possession of the said minor.

"Second—That your respondent believed it was his duty, as trial judge, to place the said minor in the custody of one whom the law de-

creed would be entitled to that custody, unless some grave reason were shown why he should not have been given the custody.

"Third—That the applicant before the court was the father of the minor, and that the mother was dead, and your respondent believed that the grandparents had no right to the care and custody of the minor, but that the minor was a ward of the court, always under the control and supervision of the court, and that unless some grave error was shown your respondent's act in determining the environment of the ward was not the subject of review on appeal.

"Fourth—That the order rendered by your respondent as a trial judge was interlocutory in its nature, and worked no irreparable injury, and was subject to change or revision at the discretion of your respondent. That if the defendants had any right ultimately to the possession of the said child because of good and sufficient reasons which might be shown upon the trial of the main demand, and if the defendants could show an interest in the subject-matter in litigation, then a final judgment rendered could be reviewed and appealed, and, finally, your respondent believes, having heard the evidence submitted to your respondent attacking the character of .the plaintiff, and having found by judgment previously rendered, dismissing the objections raised to the confirmation of the said Robert E. Courtin as natural tutor of his said minor child, that said objections were without merit. Respondent annexes hereto copy of his reasons for refusing to grant a suspensive appeal, handed down on the day that the application was made.

[3] "And now, in response to the order to show cause why your respondent should not be mandamused to hear the application for a new trial, respondent annexes hereto a copy of the said application, wherein it will appear that the sole reason for asking for a new trial was newly discovered evidence, the alleged evidence being:

" 'That after the judgment was rendered herein a lady, who movers believe was Mrs. Bartlett, the mother-in-law of the plaintiff, Robert E. Courtin, with whom he boards, stating that she did not want the minor child, Marguerite Lucille Browne Courtin, in her house, and therefore her house, where the said Robert E. Courtin boards, is not a proper and safe place for said child.'

"Under the rules of the civil district court, which are the law in this instance, section 6 of rule 9 reads:

" 'Motions for new trial shall be submitted by the movers on briefs, and, should the court

desire oral argument, it will so order; otherwise, the court will dispose of the motions on the briefs of the movers.'

"Of course, the meaning of the briefs is that the court will have briefs, if the court desires; but in cases where the court is of opinion that there is no merit whatsoever in the application for a new trial, it is, and has been for years, the practice of the court to overrule the motion instanter.

[4] "In the present case the court considered the new evidence immaterial, absurd, and fantastic, and, had the matter alleged herein above quoted been proven on the trial of the rule, it would have had no effect whatever on the mind of the court, and would not have changed the result.

"If it be true that the mother-in-law of the plaintiff, Robert E. Courtin, does not desire the child to live in the same house with her, the evidence shows that Robert E. Courtin is amply able to get another house, and the child would not be required to stay in the house in which Mrs. Bartlett lives.

"Therefore, being of this opinion, and having the right under the rules of the court, and under the practice of the court, to overrule the motion for a new trial, your respondent did so instanter, and so submits.

"Respondent also annexes to this return a copy of the rule for new trial and his order indorsed thereon."

For the reasons thus assigned, the rule nisi herein is recalled, and the present application is rejected, at the cost of applicant.

LECHE, J., dissents.

Rehearing refused by the WHOLE COURT.