PER CURIAM.
Supervisory writs were granted to review the narrow question: May a trial court deny ex parte a motion for new trial ? We find that it can.
After a five-day trial of this personal injury suit, the jury rendered a verdict against plaintiff. Pursuant thereto, the trial court signed final judgment dismissing plaintiff’s claim.
Plaintiff timely filed the motion for a new trial alleging as errors the jury’s failure to carry out instructions as to the law given by the court and also the failure of some jurors to make fair and full disclosure upon voir dire examination.
The trial court summarily denied the motion in chambers without hearing, for the following reasons: “The foregoing application presents nothing new for consideration and therefore a contradictory hearing is not warranted and the above application is accordingly summarily denied,”
The trial judge answered and opposed the application for writs. He stated that he carefully considered the application for new trial in light of his many rulings during the course of the five day trial. In his opinion, his rulings were correct. He particularly noted that the verdict was not contrary to the law and the evidence, and found the application “wholly without merit and (that it) did not warrant the holding of a contradictory hearing.”
In denying the motion ex parte, the trial court followed the recognized practice to this effect in many judicial districts. This practice was approved under pre-1960 statutory regulations. Courtin v. Browne, 151 La. 741, 92 So. 320 (1922).
Relator recognizes that this procedure was not changed by the Code of Civil Procedure articles 1971 and 1972 which provide for granting new trials “upon contradictory motion of any party”. There is no mention in these articles that such motions may be denied only upon contradictory motion. In our opinion this omission was intentional. A hearing would serve a useful purpose when the trial court is disposed to grant a new trial. It would give the opposing party an opportunity to cite facts and authorities to support the original judgment. But if mover is unable to urge (in his motions) facts or authorities which persuade the trial court in his favor, nothing is to be gained by holding a hearing.
Relator contends that Article 963 of the 1960 Code requires a contradictory hearing before the motion for new trial can be denied. Article 963 pertinently provides:
“If the order applied for by written motion is one to which mover is clearly en *701 titled without supporting proof, the court may grant the order ex parte and without hearing the adverse party.
“If the order applied for by written motion is one to which the mover is not clearly entitled, or which requires supporting proof, the motion shall be served on and tried contradictorily with the adverse party. * * * ”
Relator submits that this motion for new trial is obviously not one to which mover is clearly entitled without supporting proof, so as to be grantable ex parte. LSA-CCP Art. 963(1). On the other hand, it is submitted that it does appear to be one to which mover is not clearly entitled, or which requires supporting proof, so it requires a contradictory hearing. LSA-CCP Art. 963 (2). It is also noted that LSA-CCP Art. 194, listing orders of judgments which may be signed in chambers, does not include the granting or denying of a motion for new trial.
We find this reasoning rather strained. The Code of Civil Procedure of 1960 did not expressly overrule Courtin v. Browne, supra. If the redactors of the 1960 Code intended to require that such applications be heard contradictorily before the trial court could deny the application, it would have been a simple matter to have so provided.
Relator has not been denied his day in court. If he has been aggrieved by the judgment of the district court, he has an adequate remedy by appeal.
After certiorari was granted, defendants-respondents filed in this court a motion to dismiss this proceeding for nonpayment of costs. This motion is based upon the trial court’s rescisión of an order granting plaintiff the right to proceed in forma pau-peris.
We have received notice that this motion is not presently before us.
The writ of certiorari is recalled.
Writ recalled.