248 So.2d 299

Francis L. SONNIER

v.

LIBERTY MUTUAL INSURANCE COMPANY et al.

No. 50803.

May 4, 1971.

Rehearing Denied June 7, 1971.

J. Minos Simon, Lafayette, for plaintiff-relator.

Davidson, Meaux, Onebane & Donohoe, Edward C. Abell, Jr., Voorhies, Labbe, Fontenot, Leonard & McGlasson, David S. Foster, Gerald Gaudet, Lafayette, for defendants-respondents.

DIXON, Justice.

Writ of certiorari was granted in this case on the application of plaintiff, who complained of the trial judge's overruling a motion for new trial summarily and without argument.

Plaintiff's damage suit was tried by a jury which rendered a verdict in favor of defendants. Judgment was signed April 23, 1970. Motion for a new trial was filed on April 28, 1970. There was an order attached to the motion which was not completed and not signed by the district judge. Typed below this order was the following:

"The foregoing application presents nothing new for consideration and therefore a contradictory hearing is not warranted and the above application is accordingly summarily denied.

"Officially at St. Martinville, St. Martin Parish, Louisiana, this 30th day of April, 1970.

s/ E. L. Guidry, Jr.
DISTRICT JUDGE"

Judge Guidry's office is at St. Martinville; he had presided at the jury trial of this case in Lafayette by special assignment. The clerk's stamp shows that his order refusing the new trial was filed in Lafayette on May 1.

Plaintiff applied for supervisory writs to the Court of Appeal, Third Circuit on May 27, 1970. Writs were granted, and subsequently recalled by the Court of Appeal. Sonnier v. Liberty Mutual Insurance Co. et al., La.App., 237 So.2d 699.

Plaintiff complains of two errors: (1) the Court of Appeal erred in affirming the trial court's overruling a motion for new trial without granting the mover a hearing; (2) constitutional due process required a contradictory hearing on application for new trial.

There is no authority cited by the plaintiff which remotely supports his contention that constitutional due process requires a contradictory hearing on a motion for new trial. No useful purpose would be served in analyzing and distinguishing the federal cases cited by plaintiff. The provisions in the Code of Civil Procedure concerning applications for new trial are found in C.C.P. 1971 and following. The federal courts have not interpreted the Louisiana statutory provisions. The "due process" clause certainly does not contemplate that every step in a civil trial be accompanied by a contradictory hearing between the parties affected.

An analysis of the codal provisions for a new trial should begin with noting that a new trial may be granted by the court on its own motion:

"A new trial may be granted, upon contradictory motion of any party or *by the court on its own motion*, to all or any of the parties and on all or part of the issues, or for reargument only. If a new trial is granted as to less than all parties or issues, the judgment may be held in abeyance as to all parties and issues." (Emphasis added). C.C.P. 1971.

The power of the court to grant a new trial on its own motion was discussed in State ex rel. Shreveport Cotton Oil Co. v. Blackman, 110 La. 266, 34 So. 438 (1903):

"So far as granting the new trial was concerned, that might have been done,

within the legal delays, by the Judge ex proprio motu. He has, within such delays, such control of the judgment that, if satisfied of an error committed, he may, with or without a formal motion for new trial having been filed by the party cast, direct the judgment he has rendered set aside and a new trial ordered. Gale v. Kemper's Heirs, 10 La. [205] 209; State v. Judge, 8 La.Ann. [92], 93; Underwood v. Lacapere, 10 La.Ann. 766; Culverhouse v. Marx, 38 La.Ann. 667; Code Prac. art. 547, par. 3."

It is true that no provision of the Code of Civil Procedure specifically allows the court to deny a motion for a new trial without a contradictory hearing. Article 1972 provides cases in which a new trial shall be granted "upon contradictory motion." Article 1976 indicates that it is contemplated that a motion for a new trial fix a time and place for hearing, notice of which "must be served upon the opposing party as provided by Article 1314."

C.C.P. 963 provides as follows:

"If the order applied for by written motion is one to which mover is clearly entitled without supporting proof, the court may grant the order ex parte and without hearing of the adverse party.

"If the order applied for by written motion is one to which the mover is not clearly entitled, or which requires supporting proof, the motion shall be served

on and tried contradictorily with the adverse party.

"The rule to show cause is a contradictory motion."

There is no doubt but that the former provisions of the Code of Practice of 1870 contemplated summary decisions on motions for new trial. Article 563 of the Code of Practice of 1870 provided: "the court shall decide summarily on such applications * * *."

The comment under C.C.P. 1979 states: "(a) Art. 563 of the 1870 Code provides for a summary decision on applications for new trials: while former R.S. 13:-4207 fixes the maximum delays for such decisions. This article represents a consolidation of the two source provisions."

Comment (c) under C.C.P. 1976 indicates that the redactors of the Code of Civil Procedure, since they said "the practice has been to apply for new trials by rule," were under the misapprehension that such practice was general throughout the State. In some districts, motions for a new trial were treated like exceptions and were automatically placed on the calendar for argument on the next argument day.

Courtin v. Browne, 151 La. 741, 92 So. 320, involved a summary denial of a motion for a new trial, decided in 1922. One of the parties to a child custody case filed a motion for a new trial after hearing on a rule for temporary custody of a minor

child pending the trial of the main demand. Although the judgment complained of was described as an "interlocutory judgment," this aspect of the case was not discussed in the court's opinion, and apparently played no part in the decision of the court. The Supreme Court adopted the opinion of the trial court, which justified its summary denial of the motion for new trial as follows:

" 'Under the rules of the civil district court, which are the law in this instance, section 6 of rule 9 reads:

" 'Motions for new trial shall be submitted by the movers on briefs, and, should the court desire oral argument, it will so order; otherwise, the court will dispose of the motions on the briefs of the movers.'

" 'Of course, the meaning of the briefs is that the court will have briefs, if the court desires; but in cases where the court is of opinion that there is no merit whatsoever in the application for a new trial, it is, and has been for years, the practice of the court to overrule the motion instanter.

" 'In the present case the court considered the new evidence immaterial, absurd, and fantastic, and, had the matter alleged herein above quoted been proven on the trial of the rule, it would have had no effect whatever on the mind of the court, and would not have changed the result.' "

: Since the trial judge is specifically given the power to grant a new trial on his own motion, and since the prior jurisprudence has approved the summary denial of a motion for a new trial, and since the comments of the redactors of the Code of Civil Procedure under C.C.P. 1979 purported to represent a consolidation of the provisions of article 563 of the Code of Practice of 1870 and R.S. 13:4207,[1] there is no clear indication that the Code of Civil Procedure intended to change the prior law, under which a trial judge would have the power to decide a motion for summary judgment without fixing the motion for a contradictory hearing.

 Allegations might be made in a motion for a new trial which the Code of Civil Procedure would clearly require to be fixed for a contradictory hearing. Such allegations have not been made in the case before us. In the motion filed by plaintiff he alleges that:

"1. The judgment of the court is clearly contrary to the law and the evidence in this case.

"2. The court committed prejudicial error in failing to give the instructions requested by the movant herein as to which reservation of objection was made.

"3. The jury failed to carry out the instructions as to the law given to the jury by the court.

"4. On voir dire examination some of the jurors selected for jury service in connection with the trial of this matter failed to make an adequate, fair and full disclosure on voir dire examination, which denied to your movant the intelligent exercise of his peremptory challenges and of his right to challenge for cause and resulted in the composition of a jury that otherwise would not have resulted absent such a failure.

"5. The court committed prejudicial error in curtailing argument proffered by movant's counsel during his summation to the jury after all the evidence had been received."

The bare allegation that the judgment was clearly contrary to the law and the evidence certainly presents nothing new to the judge who tried the case, heard the evidence and listened to the arguments presented to the jury. Nor can it be said that paragraph 2 in the motion for a new trial was one that might require contradictory proceedings. The judge to whom the motion was addressed was the same judge who received the jury instructions requested by the plaintiff and made the decision to give or not to give the requested instructions. Neither does the fifth paragraph in the motion for a new trial present the possibility that a contradictory motion might develop grounds for the trial judge to change his mind about his rulings con-

1. R.S. 13:4207 provides a maximum time the court is given to decide a motion for new trial.

cerning the argument of plaintiff's lawyer in the summation to the jury.

Paragraphs 3 and 4 of the motion for a new trial complain about the jury. It is only by the most strained construction that one could say these allegations complained of jury misconduct.[2] Paragraph 3 of that motion, fairly construed, simply says that, in the opinion of the plaintiff, the jury would have brought in a different verdict if it had carried out the instructions given to it by the court (a somewhat contradictory conclusion from that to be drawn from the second paragraph of the motion for a new trial, in which the plaintiff is understood to complain that the jury would have brought in a different verdict if it had been instructed differently).

Paragraph 4 of the motion for a new trial complains in general terms of the failure of some of the jurors to make some kind of "fair and full disclosure" on voir dire examinations. This allegation, as well as that in paragraph 3, is a vague sort of complaint. There is no allegation that any juror answered any question untruthfully. A fair reading of paragraph 4 gives no hint of what it was the jurors failed to disclose. The complaint seems to be that, if the plaintiff's counsel had asked the right questions, he might have peremptorily challenged jurors which he accepted, and his case would have been tried by a different jury.

■ Neither paragraph 3 nor 4 can be construed to complain of improper jury behavior, as now argued by the plaintiff. Paragraph 4 of the motion for a new trial presents nothing on which a contradictory hearing could have been held.

Plaintiff's motion for a new trial was not "verified by the affidavit of the applicant" as required in C.C.P. 1975, when the motion was based on jury misconduct. This is further evidence that plaintiff did not intend to allege jury misconduct in his motion for a new trial, but now urges it as an afterthought.

Finally, the procedure followed by the trial judge is far more efficient than that urged by plaintiff. To require the court and lawyers to use up otherwise productive hours away from the office or away from other pressing litigation to rehash a trial recently conducted to a conclusion, in the absence of a clear showing in the motion of facts or law reasonably calculated to change the outcome or reasonably believed to have denied the applicant a fair trial, would be to compound unnecessarily delays which already plague the administration of justice.

The judgment of the Court of Appeal is affirmed at plaintiff's cost.

2. C.C.P. 1814. "A new trial shall be granted if it be proved that the jury was bribed or has behaved improperly so that impartial justice has not been done."

SANDERS, J., dissents for the reasons assigned by SUMMERS, J.

BARHAM, J., dissents.

SUMMERS, Justice (dissenting).

Plaintiff Francis L. Sonnier instituted this suit in tort claiming reparation for personal injuries and property damage he incurred in an automobile collision. A trial by jury resulted in a verdict rejecting plaintiff's demands, and judgment was rendered accordingly.

Plaintiff then timely applied for a new trial, alleging in his motion: The judgment was "contrary to the law and the evidence"; it was error for the court to refuse requested instructions; the jury failed to carry out the instructions it received as to the law; on voir dire examination some of the jurors who were accepted for service failed to make an adequate, fair and full disclosure, which denied plaintiff the intelligent exercise of his right to challenge, thereby affecting the composition of the jury; and the court curtailed argument during counsel's summation to the jury. The motion concluded with a prayer for a rule nisi against defendants to show cause why a new trial should not be granted.

Finding that the motion presented "nothing new for consideration" and that a contradictory hearing was not warranted, the application was summarily denied ex parte by the trial judge.

From this action plaintiff applied for remedial writs to the Third Circuit, complaining that the ex parte denial of a contradictory hearing on his motion for a new trial was contrary to Articles 1971, 1972 and 1976 of the Code of Civil Procedure [1] and a denial without a hearing deprived him of constitutional due process. Writs were granted and, after consideration, recalled. The Third Circuit was of the opinion that under the cited articles of the Code of Civil Procedure a contradictory hearing was required to grant a new trial, but the prac-

---

1. La.Code Civ.P. arts. 1971, 1972 & 1976.
 *Art. 1971:*
 "A new trial may be granted, upon contradictory motion of any party or by the court on its own motion, to all or any of the parties and on all or part of the issues, or for reargument only. If a new trial is granted as to less than all parties or issues, the judgment may be held in abeyance as to all parties and issues."
 *Art. 1972:*
 "A new trial shall be granted, upon contradictory motion of any party, in the following cases:

 (1) Where the judgment appears clearly contrary to the law and the evidence;
 (2) Where the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial; or
 (3) In jury cases, as provided in Article 1814."
 *Art. 1976:*
 "Notice of the motion for new trial and of the time and place assigned for hearing thereon must be served upon the opposing party as provided by Article 1814."

tice approved in Courtin v. Browne, 151 La. 741, 92 So. 320 (1922), permitting ex parte denial of motions for new trials was unaffected by enactment of the Code. 237 So.2d 699. We granted writs upon plaintiff's application. 256 La. 781, 239 So.2d 169.

The principal question: May a trial court deny ex parte a motion for new trial?

Reference to Article 1971, of the Code of Civil Procedure discloses that a new trial may be granted, "upon contradictory motion of any party." Again, under the terms of Article 1972 a new trial shall be granted, "upon contradictory motion" in certain cases. Notice of the motion for a new trial and of the time and place assigned for hearing thereon, under Article 1976, must be served upon the opposing party. See Footnote 1, supra.

Article 1971 is general in its terms and applies to all new trial motions. The Article declares that a new trial may be granted "upon contradictory motion of any party" or "by the court on its own motion." Thus two modes of granting new trials are prescribed—one by contradictory motion and the other by the court on its own motion. In like manner, when Article 1972 refers to the peremptory grounds for a new trial, a contradictory motion is mentioned and therefore such a motion cannot be granted ex parte.

But the argument is made that these Articles do not apply to a situation where a new trial is *denied*—the contention being that since the Code does not explicitly refer to the denials of motions for new trials, denials may be disposed of ex parte. This argument is based upon the ruling in Courtin v. Browne, 151 La. 741, 92 So. 320 (1922), which held an application for new trial involving a child custody proceeding was properly denied ex parte by the trial judge. Another premise of this argument is that if the redactors of the Code intended to change the procedure approved in Courtin v. Browne it would have been easy to say so.

Courtin v. Browne was decided at a time when Articles 561, 562 and 563 of the Code of Practice [2] were in effect. Under no

---

2. Arts. 561, 562 and 563:

Art. 561:

"If a new trial be prayed for on the ground of new evidence having been discovered, or on account of bribery or misconduct of the jury, or of the adverse party, the party praying for the new trial must, on filing his motion, annex to the same his affidavit of the facts alleged in proof of the bribery, or misconduct of the jury, or his having discovered the evidence material to his suit since the judgment was rendered, although he had used every effort and diligence in his power to procure the necessary testimony.

"This affidavit must be filed in the records, in order that the adverse party may have communication of the same."

Art. 562:

"No affidavit is necessary when a new trial is prayed for on the ground of the judgment being contrary to law and the evidence."

situation at that time was a contradictory hearing required on a motion for a new trial—either to grant or deny such a motion. Motions requiring production of evidence could be decided on affidavits made part of the motion. Article 563 of the Code of Practice specifically directed that the court "shall decide summarily" on such applications. This factor, coupled with the later enactment of the Code of Civil Procedure which makes repeated reference to contradictory hearings, convinces me that Courtin v. Browne can no longer be accepted as authoritative and that a change was not only intended but clearly spelled out.

And it is begging the question to argue that if the Code of Civil Procedure intended to overrule Courtin v. Browne it would have been easy to say so. I am not aware that every change in a procedural rule which occurred as a result of the enactment of the Code of Civil Procedure carried with it a declaration that the cases establishing the superseded rule were overruled, although this practice is often followed. La.Code Civ.Proc. art. 5052. A change can therefore be evident without a statement to that effect.

Added to the strong import of Articles 1971 and 1972 that a contradictory hearing

is required, Article 1976 requires "Notice of the motion for new trial and of the time and place assigned for hearing thereon." The implication from this latter Article is unmistakable that it applies to all motions for new trials by the parties and that a hearing is contemplated whether the motion is to be granted or denied.

Again, in prescribing the procedure for disposing of motions generally, Article 963 of the Code of Civil Procedure declares:

If the order applied for by written motion is one to which mover is clearly entitled without supporting proof, the court may grant the order ex parte and without hearing the adverse party.

If the order applied for by written motion is one to which the mover is not clearly entitled, or which requires supporting proof, the motion shall be served on and tried contradictorily with the adverse party.

The rule to show cause is a contradictory motion.

Although plaintiff seeks to invoke this article to support his position that a contradictory hearing should have been held on his motion for a new trial because the order applied for was one to which mover was not "clearly entitled" and the motion "requires supporting proof," the contention is unac-

*Art. 563:*
"The court shall decide summarily on such applications. If a new trial be granted, the cause shall again be set on the docket; and on the new trial the

parties shall not be precluded from producing new proofs, on the ground of the same not having been offered on the first trial.

ceptable. It should be noted that Article 963 is a general article prescribing the procedure applicable to motions generally. It does not purport to supersede specific articles dealing with particular situations. The Articles relating to motions for new trial are, on the other hand, particular in nature relating to new trials only.

Furthermore, Articles 963 and Articles 1971, 1972 and 1976 are in part irreconcilable, compelling a reasoned consideration of this conflict to accept the particular over the general provisions. This means we should decide that Articles 1971, 1972 and 1976 prevail in the fact situation presented by this case. The conflict in the Articles occurs between the first paragraph of Article 963 which permits the Court to grant the motion ex parte when the motion is one to which mover is clearly entitled without supporting proof; whereas, Article 1971 makes it equally clear that a new trial may only be granted after a contradictory motion and Article 1976 requires a hearing on all new trial motions.

The second paragraph of Article 963 would also seem to support plaintiff's claim that a contradictory hearing was required, for in our view mover was not clearly entitled to the new trial and the allegations of the motion require the reception of evidence to support the motion—two conditions under which a contradictory hearing is mandatory by the terms of Article 963. But it is appropriate to repeat here that

I feel that, insofar as motions for new trials are concerned, the New Trial Articles (1971 et seq.) under Section 2 of Chapter 4 must first be applied before invoking the general provisions of Article 963. Only when the new trial articles are silent on the problem may resort be had to Article 963 for aid in the solution.

There is, however, one provision of Article 963 which is in harmony with Articles 1971, 1972 and 1976. It is the recognition that "The rule to show cause is a contradictory motion." This reinforces my view that a rule to show cause, as in this case, is properly disposed of by contradictory hearing. Additional support for this positon is found in the Comments to Article 1976 of the Code in this statement: "The practice has been to apply for new trials by rule, the return date for which is fixed by the Court."

Although vague and indefinite, the motion under consideration appears to be based upon allegations that plaintiff has discovered, since the trial, evidence important to the cause in that the jury has behaved improperly so that impartial justice has not been done, thus:

The jury failed to carry out the instructions as to the law given to the jury by the court.

and

On voir dire examination some of the jurors selected for jury service in con-

nection with the trial of this matter failed to make an adequate, fair and full disclosure on voir dire examination, which denied to your movant the intelligent exercise of his peremptory challenges and of his right to challenge for·cause and resulted in the composition of a jury that otherwise would not have resulted absent such failure. (Articles 3 and 4 of Motion for New Trial)

These allegations necessarily fall within the contemplation of paragraphs (2) and (3) of Article 1972 [3] providing that a new trial shall be granted "where the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial" and "in jury cases as provided in Article 1814." Article 1814 requires that a new trial be granted "if it be proved that the jury was bribed or behaved improperly so that impartial justice has not been done."

It is a requirement of Article 1975 that "when the motion is based on Article 1972 (2) and (3), the allegations of fact therein shall be verified by the affidavit of the applicant." Here the applicant has not verified the allegations of the motion, and he should not be permitted to proceed unless this requirement is satisfied, failing in which his motion should be denied.

, Plaintiff's allegations are moreover so vague and indefinite that they do not properly present a valid basis for a new trial. Plaintiff's first allegation that the judgment is contrary to the law and the evidence is a conclusion which presents nothing for review unless the particular grounds upon which the allegation rests are stated. And the second allegation that the jury failed to carry out the instructions as to the law given to the jury by the court is likewise an insufficient allegation to warrant a new trial without particularizing the instructions involved and the manner in which the jury failed to carry them out. Similar comments are appropriate to the other allegations of the motion.

Finally, a motion to dismiss filed by defendants set forth that the trial court, after hearing, has recalled the order granting plaintiff the right to proceed in forma pauperis and that the unpaid cost owed by plaintiff amounts to $2,972.38. Plaintiff has made no reply to this charge.

In view of all circumstances mentioned herein, I would remand this matter to the trial court with instructions that a hearing be conducted on plaintiff's motion for a new trial. When the hearing is fixed, however, it should not proceed until all accrued and advance costs have been paid. Should accrued and advance costs be paid, plaintiff should then be required to particu-

---

3. Note 1, supra.

larize the allegations of his motion for a new trial and verify the allegations as required by law, after which the hearing could proceed, all of which should be proceeded with expeditiously and without undue delay. Meanwhile, the right of the Clerk of Court and other interested parties to go forward in appropriate ancillary proceedings with the collection of unpaid costs should not be impaired. La.Code Civ.P. art. 2164.

I respectfully dissent.