583 So.2d 133 (1991)
Ramon COLEMAN, Sr., and Jeanne Coleman
v.
Stephen BROOKS and XYZ Insurance Company.
No. 90-CA-0436.
Court of Appeal of Louisiana, Fourth Circuit.
June 27, 1991.
*134 John D. Rawls, New Orleans, for plaintiffs/appellants.
Karen Lee Lewis, Hulse, Nelson & Wanek, New Orleans, for defendants/appellees.
Before BARRY, WILLIAMS and PLOTKIN, JJ.
PLOTKIN, Judge.
Plaintiffs Ramon and Joann Coleman appeal a trial court judgment denying their motions for judgment not withstanding the verdict (JNOV) and, alternatively, for new trial. We affirm.

Facts
The Colemans claim that Ramon Coleman experienced severe injuries in an accident which occurred on April 4, 1986, because of a defect in the floor of the bathroom in the house he was renting from defendant Stephen Brooks. Mr. and Mrs. Coleman claim that Mr. Coleman was sitting on the toilet in his apartment located at 2623 Palmyra Street in the City of New Orleans, when the floor gave way, throwing him to the side. They claim that Mr. Coleman hit his head on the bathtub and was knocked unconscious for some 45 minutes.
The Colemans brought suit in negligence and strict liability against Brooks and Scottsdale Insurance Company, his insurer. After a two-day trial, a jury returned a verdict in favor of the defendants. The plaintiffs then filed a joint motion for JNOV and alternatively for new trial, both of which were denied by the trial judge without a contradictory hearing. On appeal, the plaintiffs contest the denial of the motions, claiming primarily that the jury verdict was not supported by the record. *135 On the denial of the motion for new trial, the plaintiffs also argue that the jury behaved improperly, and that the trial judge erred in failing to hold a contradictory hearing on that motion.

Review of Evidence
The plaintiffs make numerous arguments regarding the alleged "objective" evidence presented at trial, which they claim proved conclusively that the accident occurred. However, our review of the record convinces us that the jury's finding that the premises were not "defective" on the day of the alleged accident was reasonable in light of the evidence presented at trial.
The plaintiffs rely on three items of "objective" evidence to support their contention that the jury improperly found in favor of the defendants. They claim that the photographs of the bathroom taken after the alleged accident, the testimony of Mr. Coleman, and the testimony of Mrs. Coleman, when taken together, prove conclusively that the accident occurred. We disagree with that contention for the reasons which follow.
First, the pictures presented at the trial are extremely inconclusive on the ultimate issuethat is, whether Mr. Coleman's alleged fall was caused by a defective condition on the property owned by the defendant, so that the defendants could be found strictly liable for the alleged injuries. The pictures were taken with a polaroid camera. Although they clearly depict a toilet leaning heavily to the right, toward a bathtub, the floor around the bottom of the toilet is not visible in the photographs. Thus, it is impossible to tell whether the tilting toilet was caused by a collapse of the floor in the bathroom.
Second, the testimony of Mr. Coleman, who has been repeatedly diagnosed as a paranoid schizophrenic, was totally unreliable. Mr. Coleman was obviously hearing "voices" during his testimony. Additionally, many of his responses were inappropriate. Mr. Coleman was interested only in finishing his testimony so that he could get more medication. He expressed consistent hostility to defense counsel and repeatedly accused her of failing to "get to the point." His description of the alleged accident was extremely superficial.
Third, Mrs. Coleman's testimony concerning the alleged accident was not completely consistent with Mr. Coleman's testimony on this issue, nor was it consistent with the pictures presented at trial. Mrs. Coleman stated that she heard her husband fall and went immediately into the bathroom to see what had happened, while Mr. Coleman said that his wife did not enter the bathroom until about 15 minutes after the fall occurred when she started wondering what had happened to him. Additionally, Mrs. Coleman said that the toilet was leaning away from the bathtub after the fall, while the pictures indicate that the toilet was leaning toward the bathtub.
The record also reveals an additional reason for the jury to question the credibility of the plaintiffs. Mr. and Mrs. Coleman repeatedly and consistently testified that Mr. Coleman was "completely normal" and had no mental problems prior to the alleged accident. However, the record is replete with medical evidence which proves conclusively that Mr. Coleman was diagnosed as a paranoid schizophrenic as much as 10 years prior to the accident and that Mr. Coleman had sought treatment for his mental problems on numerous occasions prior to the alleged fall in April of 1986. That fact alone was enough to make the testimony of the plaintiffs suspect.
Additionally, the defendants presented contradictory evidence in the form of testimony from Brooks, who said that there was nothing wrong with the bathroom floor when he checked the apartment after discovering that the Colemans had moved out. Brooks also testified that he never received any complaints about the bathroom floor while the Colemans were living in the apartment.
Finally, the plaintiffs claim that Mr. Coleman was treated at the emergency room of Charity Hospital immediately after the fall on April 4, 1986. However, the hospital records presented at trial do not reflect that Mr. Coleman was treated on that day, although they do contain entries when Mr. Coleman was treated on other occasions.
*136 Thus, the evidence presented at trial could clearly support either of two permissible jury findings. The jury's decision in the instant case was obviously based on credibility determinations. When the record supports two permissible views of the evidence, the factfinder's choice between the two can never be manifestly erroneous, especially if it is based on a credibility call. Rosell v. ESCO, 549 So.2d 840, 845 (La.1989).

Motion for JNOV
A motion for JNOV may be granted only when "there can be but one reasonable conclusion as to the correct and proper judgment. Where there is such evidence upon which reasonable men might render a verdict in favor of the non-moving party, or where there is conflicting evidence, a judgment notwithstanding the verdict should not be granted." Acosta v. Pendleton Memorial Methodist Hospital, 545 So.2d 1053, 1060 (La.App. 4th Cir.), writs denied 551 So.2d 637 and 551 So.2d 638 (La.1989), quoting Alumbaugh v. Montgomery Ward & Co., Inc., 492 So.2d 545, 548 (La.App. 3d Cir.), writ denied 495 So.2d 304 (La.1986).
Since the evidence in the instant case was conflicting, the trial judge properly denied the motion for JNOV.

Motion for New Trial
La.C.C.P. art. 1972, relative to mandatory grounds for granting motions for new trial, provides, in pertinent part, as follows:
A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) When the verdict or judgment appears clearly contradictory to the law and the evidence.
. . . . .
(3) When the jury was bribed or has behaved improperly so that impartial justice has not been done.
(Emphasis added.)
The plaintiffs' first argument on this issue, that the jury verdict is contrary to the law and evidence, has no merit. As stated above, the jury could reasonably have concluded on the basis of the evidence presented that the plaintiff's alleged injuries were not caused by a defect in the defendant's premises.
However, the Colemans argue that the trial judge nevertheless committed manifest error in failing to grant the motion for new trial because of alleged evidence of jury misconduct. The plaintiffs attached an affidavit to their written motion in which one John J. Sullivan, Esquire, attested to overhearing one of the jurors in the case telling Mrs. Coleman after the trial that she should have taken pictures of the bathroom before the accident. Sullivan's affidavit also states that two other jurors, who heard that statement, indicated agreement. On the basis of this affidavit, the plaintiffs claim that the trial judge should have concluded that the jury either misunderstood or refused to apply the law on strict liability.
After reviewing the jurisprudence on juror misconduct, we hold that the affidavit submitted by the plaintiffs was insufficient to provide mandatory grounds for granting the motion for new trial on the basis of juror misconduct for several reasons. First, as detailed above, the record as a whole supports the jury verdict. Second, the plaintiffs' contention that the jury "misunderstood" an instruction which they admit was correct is based on speculation and supposition, which is insufficient to establish juror misconduct for purposes of requiring the trial judge to grant a motion for new trial. Third, it is well settled in Louisiana law that jurors cannot impeach their own verdict through affidavits and testimony. Pitts v. Bailes, 551 So.2d 1363, 1370 (La.App. 3d Cir.1989), writs denied 553 So.2d 860 (La.1989) and 556 So.2d 1262 (La.1990). Thus, the plaintiffs did not prove that the jurors misunderstood the law. Since the affidavit attached to the motion was insufficient to prove that contention, and since the plaintiffs would be unable to offer any credible supporting proof, the trial judge was not manifestly erroneous in denying the motion.
The plaintiffs also argue that the trial court abused his discretion in failing *137 to conduct a hearing on the motion for new trial to allow them to present further proof of their contention that the jurors committed misconduct. In support of this contention, the plaintiffs cite La.C.C.P. art. 963, which states generally that written motions "to which the mover is not clearly entitled... shall be served on and tried contradictorily with the adverse party." However, the jurisprudence interpreting La.C.C.P. art. 1972, relative to motions for new trial, is clear that a trial court may deny a motion for new trial ex parte. Sonnier v. Liberty Mutual Ins. Co., 237 So.2d 699, 700 (La.App.3d Cir.1970), aff'd 258 La. 813, 248 So.2d 299 (1971). In Sonnier, the court considered the exact argument made by the plaintiffs in the instant casethat a contradictory hearing was required under La.C.C.P. art. 963and rejected that contention. See also Dimitri v. Linda's Love Lace of La., Inc., 514 So.2d 194, 195 (La. App. 4th Cir.1987), in which this court stated that the mover is not entitled to present testimony on a motion for new trial. Thus, the trial court did not abuse his discretion in failing to hold a contradictory hearing on the motion for new trial.

Conclusion
For the above and foregoing reasons, the trial court judgment in favor of defendants Stephen Brooks and Scottsdale Insurance Co. and against plaintiffs Ramon and Joann Coleman is affirmed.
AFFIRMED.