# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-783

## STATE OF LOUISIANA IN THE INTEREST OF B.C.

**\*\*\*\*\*\*\*\*\***

## APPEAL FROM THE
## NINTH JUDICIAL DISTRICT COURT
## PARISH OF RAPIDES, DOCKET NO. 11-CC-39
## HONORABLE DONALD T. JOHNSON, DISTRICT JUDGE
**\*\*\*\*\*\*\*\*\***

## SYLVIA R. COOKS
## JUDGE

**\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and J. David Painter, Judges.

**REVERSED AND REMANDED.**

Eugene P. Cicardo, Jr.
Joseph M. Reynolds
Law Offices of Eugene P. Cicardo, Jr.
P.O. Box 1128
Alexandria, LA  71309-1128
(318) 445-2097
**ATTORNEYS FOR APPELLANT**
   J.C.

Field V. Gremillion, Assistant District Attorney
P.O. Box 731
Alexandria, LA  71309
(318) 443-2625
**ATTORNEY FOR APPELLEE**
   State of Louisiana

Diedre R. Fuller
P.O. Box 1626
Alexandria, LA  71309
(318) 448-3456
**ATTORNEY FOR MINOR CHILD**
    B.C.

Heather E. Cooley
P.O. Box 13985
Alexandria, LA  71315
(318) 445-3121
**ATTORNEY FOR DEFENDANT**
    C.S.

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

On May 4, 2011, the Department of Children and Family Services (DCFS) in Rapides Parish received a report of physical abuse involving the minor child, B.C. Pursuant to Chapter 6, Title 6 of the Louisiana Children's Code, B.C. was removed from the custody of his parents, J.C. (the mother) and C.S. (the father).

A Continued Custody Hearing was held on May 19, 2011. J.C. was not present at the hearing, but the attorney appointed to represent J.C. stipulated, without any admission of fault, that there were reasonable grounds to believe the child was in need of care and continued custody was necessary.

On March 7, 2014, DCFS received a second report of physical abuse involving B.C. At the time of this report, B.C. was living with his father, C.S., in Rapides Parish. J.C. was living at that time in California. An Instanter Order was obtained to remove the child from C.S.'s custody. The affidavit in support of the Instanter Order for removal alleges physical abuse on the part of C.S. against the child. No allegation was made concerning J.C.

On March 13, 2014, a Continuing Custody Hearing was held pertaining to the March 7, 2014 removal. At that hearing, C.S. stipulated, without admitting fault, that there were reasonable grounds to believe the child was in need of care and continued custody was necessary for the child's safety and protection. J.C. was not present at the March 13, 2014 Continued Custody Hearing, nor is there any indication in the record she was made aware of the hearing.

On April 7, 2014, a petition was filed by the State of Louisiana alleging physical abuse on the part of B.C.'s father, C.S. The only reference to J.C. in the Petition was as follows:

> [B.C.'s] mother is [J.C.]. [B.C.] was removed from [J.C.'s] care in May of 2011 and given to [C.S.]. According to [J.C.], she has

3

had very minimal contact with [C.S.] and has not seen [B.C.] since then.

The petition does not allege facts showing why J.C. had minimal contact with B.C., nor does it allege any fault on the part of J.C.

On April 17, 2014, an Answer Hearing was held. J.C., through her counsel, entered a general denial on her behalf and requested that a study of J.C.'s home be conducted, in hopes that B.C. could be placed with J.C. A Motion for Discovery and Inspection was also filed that date by J.C. The trial court denied the motion without a hearing.

On May 5, 2014, the case was called for an Adjudication Hearing. Prior to the hearing, J.C. filed a Motion to Continue Disposition Hearing and for Incidental Relief. In this filing, J.C. noted the home study requested on April 17, 2014 had not been conducted, she had not been provided with any copy of any proposed case plan and had not been notified of any Family Team Conference.

At the Adjudication Hearing, B.C. was determined to be a Child in Need of Care. No hearing was set for disposition and no evidence was introduced in accordance with La.Ch.Code art. 680. The trial court then issued an Adjudication/Disposition Judgment, dated May 15, 2014, maintaining B.C. in the custody of the State.

On May 20, 2014, J.C. filed a "Motion for New Trial with Incorporated Memorandum," asserting the judgment signed on May 15, 2014 did not make a ruling as to disposition, but only as to the issue of adjudication. A contradictory Hearing was requested to determine whether the judgment should be amended. The trial court denied J.C.'s motion for new trial without a hearing that same day.

On June 9, 2014, J.C. filed a Motion for Appeal, which was granted. J.C. contends the record of these proceedings indicates the trial court rendered an unsupported Judgment of Disposition, which left her, a non-offending parent,

4

without any meaningful participation in the judicial proceedings concerning her minor child.

## ANALYSIS

Initially, we note it was acknowledged at the Adjudication Hearing by counsel for the State that J.C. was "a non-offending parent in this case." Moreover, the State's April 7, 2014 petition alleged physical abuse on the part of the child's father, C.S., and did not reference any improper conduct on the part of J.C.

J.C. first argues the trial court erred in not granting her Motion for New Trial. Specifically, she argues the Adjudication/Disposition Judgment, dated May 15, 2014, did not "reflect the oral ruling given." A review of the transcript of the Adjudication Hearing confirms this assertion:

Diedre Fuller, who was the attorney representing the minor child, stated as follows:

> Your Honor, there's no need to set that matter for a disposition hearing. It will occur at some point in time, if its requested. But nonetheless, these parents, if I'm understanding correctly, have history with the Agency. We will be in total objection to you setting anything at this point, other than what we are here for today.

Heather Cooley, who represented the father, C.S., also agreed that disposition was improper at the time:

> And, Your Honor, I'm going to join in with Mrs. Fuller. Any disposition hearing, I believe instead the State doing a *ex parte* – first of all, it's premature. We're looking at six months to further down the road, after the parties work their case plan.

After the above statements were made, the trial court noted his apparent agreement that disposition was not appropriate at this time, stating as follows:

> That's why I'm not setting this - - this matter for disposition yet, until we have that necessary testimony and evidence.

However, although no evidence was taken as to disposition at the May 5, 2015 Adjudication Hearing, and no oral ruling was made as to disposition, the trial court

5

in the Adjudication/Disposition Judgment, dated May 15, 2014, made a disposition maintaining B.C. in the custody of the State.

J.C.'s Motion for New Trial asserted that the Adjudication/Disposition Judgment was contrary to the law and evidence, which is a peremptory ground for granting a new trial under La.Code Civ.P. art. 1972. Moreover, while it is not mandatory to hold a contradictory hearing on a motion for new trial, J.C. notes when an application for new trial is denied without holding a contradictory hearing, the moving party must not be prejudiced by the lack of a hearing. *Sonnier v. Liberty Mutual Ins. Co.*, 258 La. 813, 248 So.2d 299 (La.1971). We find J.C. was clearly prejudiced by not being able to able to testify or present evidence in a proceeding that ultimately concluded with a disposition maintaining her child in the custody of the state, particularly given the unopposed fact that she was a non-offending parent in same proceeding brought by the State. We find merit in J.C.s argument that the trial court erred in not granting her Motion for New Trial.

J.C. also contends the trial court erred in denying her Motion for Discovery and Inspection without a hearing or good cause shown. Louisiana Children's Code Article 652 provides for a parent in a Child In Need of Care proceeding to obtain discovery. The Louisiana Supreme Court has held the right of a parent to discovery in child protection cases is constitutionally guaranteed. In *State in the Interest of Delcuze*, 407 So.2d 707, 710 (La.1981), the court stated:

> ". . . the reports and records of the state compiled during the investigation should be available to the parents so that they may be fully apprised of the nature of any accusation to be made by the state. Due process requires no less. A state may deny the parents access to the records concerning their family only where the source must remain confidential or where there has been a judicial determination of the need for confidentiality in an adversary proceeding." *Sims v. State Depart. of Public Welfare, Etc.*, 438 F.Supp. 1179 at 1191 (Tex.1977), *reversed on other grounds, Moore v. Sims*, 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979). While Sims was reversed under the abstention doctrine, the expression of the requirements of due process cannot be improved. The records of the Office of Human Development must be available to afford parents' counsel the

6

opportunity for "examination, criticism and refutation." *Kent v. United States*, 383 U.S. 541 at 563, 86 S.Ct. 1045 at 1058, 16 L.Ed.2d 84 at 98. As in [Louisiana Code of Juvenile Procedure] art. 60 discovery, the juvenile court may limit examination of the case records upon a written motion showing good cause for a particular restriction in a given case. To the extent that LSA-R.S. 46:56(F)(1) prohibits the parents from discovering any of the contents of the case records of the Department of Health and Human Resources, it denies the parents due process of law. Therefore, the statutory prohibition must yield to the constitutionally protected interest of those asserting their parental status.

Although decided before the adoption of the Louisiana Children's Code, *Delcuze* (like the instant case), involved a proceeding relating to the protection of a child from abuse. The applicable statute in *Delcuze*, former Louisiana Code of Juvenile Procedure Article 60, was the source for La.Ch.Code art. 652.[1] No hearing was held upon the request for discovery, and no good cause was shown for the trial court to deny the motion; therefore, the trial court's ruling in that regard is contrary to La.Ch.Code art. 652.

Parents have a natural, fundamental liberty interest to the continuing companionship, care, custody and management of their children warranting great deference and vigilant protection under the law. *Lassiter v. Department of Soc. Servs.*, 452 U.S. 18, 101 S.Ct. 2153 (1981). Moreover, there exists no presumption that the custody of a child should be given to the State. To the contrary, it is the State's burden to prove that a child who is adjudicated in need of care cannot be adequately safeguarded in the custody of a parent. La.Ch.Code art. 682. The trial court is required, pursuant to La.Ch.Code art. 682, "to determine whether the [State] has made reasonable efforts to prevent or eliminate the need for removal of the child from his home and, after removal, to reunify the parent and child . . ." Louisiana Children's Code Article 683 also mandates the court "shall impose the least restrictive disposition of the alternatives enumerated in Article 681" consistent with the best interests of the child in mind. The first alternative listed in

---

[1] The comments of La.Ch.Code art. 652 specifically state "[t]he source of this article is [Louisana Code of juvenile Procedure] Article 60."

La.Ch.Code art. 681 is "[p]lace the child in the *custody of a parent* or such other suitable person. . ."  In this case, it is clear that J.C., who it was acknowledged was a non-offending parent in this case, had a paramount right to seek custody of her child.  However, she was denied discovery by the trial court, which her attorney maintained did not allow him to adequately represent her rights below.  Further, a Judgment of Disposition was rendered, despite the agreement in open court that a disposition at this time was premature without, as the trial court itself stated, the "necessary testimony and evidence."

For the reasons above, we agree with J.C. that the trial court rendered an unsupported Judgment of Disposition, which left her, a non-offending parent, without any meaningful participation in the judicial proceedings concerning her minor child.  The transcript of the Adjudication Hearing, as set forth above, indicates a disposition was not warranted nor contemplated by any of the parties present.  Thus, J.C. was deprived of her fundamental interest to the continuing companionship, care, custody and management of her child, without the "great deference and vigilant protection" the law provides parents.  Therefore, we reverse the portion of the Adjudication/Disposition Judgment that maintained B.C. in the custody of the State, and remand the case back to the district court for further proceedings.  All costs of this appeal are assessed to appellee, the State of Louisiana.

**REVERSED AND REMANDED.**

8