381 So.2d 949 (1980)
Paul SIMAS et al., Plaintiffs-Appellants,
v.
John W. HICKS, Defendants-Appellees.
No. 7512.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1980.
W. Glenn Soileau, Breaux Bridge, for plaintiffs-appellants.
Peter C. Piccione, Lafayette, for defendants-appellees.
Before CUTRER, STOKER and LABORDE, JJ.
*950 LABORDE, Judge.
This is an appeal from a judgment of dismissal sustaining an exception of lack of personal jurisdiction over the defendant. On April 25, 1979 plaintiffs filed an action for damages against John W. Hicks, who was alleged to reside in Beaumont, Texas. A curator was appointed to represent Mr. Hicks.
An exception based on lack of personal jurisdiction was filed by Winston C. Hicks, the son of John W. Hicks, which alleged that John W. Hicks had died on April 28, 1979 in France and that he had never been domiciled in St. Martin Parish, Louisiana.
On June 22, 1979 counsel for plaintiff filed a motion to set the exception for trial. The record reflects that a notice of the setting was mailed to counsel of record. The law suit was dismissed after a hearing on July 20, 1979. Formal judgment was signed July 23, 1979. Neither plaintiffs nor their counsel appeared at the hearing. On July 27, 1979, plaintiffs moved for a new trial, alleging that their counsel "was never notified of the date set for the exception in the above caption [sic] matter." The District Judge denied this motion without a hearing on the following grounds:
1. The Petition shows on its face this court lacks jurisdiction of the person of the defendant.
2. The record shows counsel was sent notice.
3. The motion does not show a certificate of service on opposing counsel.
Plaintiffs-appellants urge reversal of the trial court's actions on four errors. The errors, as we interpret appellants' brief, are as follows:
1. Failure to give notice of hearing.
2. Failure to grant motion for new trial.
3. Denying the motion for new trial without contradictory hearing.
4. Dismissal of plaintiffs' suit without giving plaintiffs an opportunity to amend to cure the defects complained of in the exception.
We shall treat appellants' first three specifications of error together. Plaintiffs urge this court to rule that failure to receive notice of trial and the resultant loss of opportunity to be present at the trial of the exception was improper and prejudicial. We cannot agree. The only requirement of notice we find applicable is LSA-C.C.P. Article 1571 which requires the district court to adopt rules which shall "[r]equire adequate notice of trial to all parties." We note that the district court in question had done so. See Rule 4, Sixteenth Judicial District Court Rules. No violation of the relevant codal article or court rule has been demonstrated; on the contrary, the record reflects compliance therewith.
This court in Prejean v. Ortego, 262 So.2d 402 (La.App. 3rd Cir. 1972) noted that
". . . the mailing or sending of a notice to plaintiff's counsel by the clerk of court constituted adequate notice to plaintiff that the trial of the exception of vagueness had been refixed for September 10, 1971. If plaintiff's counsel failed to receive that notice, then we believe that he nevertheless should have discovered that the hearing had been refixed for another date when the exception failed to come up for trial on July 16. We hold, therefore, that plaintiff received adequate notice of the hearing ..."
In this case, plaintiffs-appellants moved to set the exception for trial. Therefore counsel for plaintiffs-appellants would be as aware of a fixed but unknown trial date as was counsel in Prejean.
Failure to receive notice is not a peremptory ground for a new trial under LSA-C.C.P. Article 1972. Where the motion for new trial is based on discretionary grounds, LSA-C.C.P. Article 1973, then the established rule is clear that unless an abuse of discretion can be demonstrated, the appellate court will not reverse the trial court's action. Shows v. Williamson, 256 So.2d 688 (La.App. 2nd Cir. 1972), writ refused, 261 La. 231, 259 So.2d 76 (1972); Strobel v. Schlegel, 145 So.2d 664 (La.App. 4th Cir. 1962).
There is no abuse or denial of due process in refusing a contradictory hearing. *951 Sonnier v. Liberty Mutual Insurance Company, 258 La. 813, 248 So.2d 299 (1971); Borras v. Falgoust, 285 So. 583 (La.App. 4th Cir. 1973), writ denied, La., 289 So.2d 161, cert. denied 419 U.S. 854, 95 S.Ct. 97, 42 L.Ed.2d 86.
Therefore, we affirm the trial court's denial of a new trial.
Plaintiffs-appellants last argument is that, under LSA-C.C.P. Article 932, they should be allowed an opportunity to amend their petition to cure the defects.
LSA-C.C.P. Article 932 states:
When the grounds of the objections pleaded in the declinatory exception may be removed by amendment of the petition or other action of plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court.
If the grounds of the objection cannot be so removed, or if the plaintiff fails to comply with an order requiring such removal, the action shall be dismissed; except that if it has been brought in a court of improper jurisdiction or venue, the court may transfer the action to a proper court in the interest of justice.
The trial court, in denying plaintiffs' motion for a new trial, noted that "the petition shows on its face this court lacks jurisdiction of the person of the defendant." Whether or not that is so we find unnecessary to determine. The article cited above provides plaintiffs the opportunity to remove the defect where it is possible to remove it. In Louisiana Power & Light Company v. Ursin, 334 So.2d 559 (La.App. 4th Cir. 1976), in a similar factual context, the court held that plaintiff should be afforded an opportunity to cure the defect by amendment.
We believe this to be in accord with the language of LSA-C.C.P. Article 923 which states:
The function of the declinatory exception is to decline the jurisdiction of the court, while the dilatory exception merely retards the progress of the action, but neither exception tends to defeat the action. The function of the peremptory exception is to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action.
Only where no amendment could cure the defect is outright dismissal warranted. In Raborn v. Louisiana Health and Human Resources Administration, 349 So.2d 903 (La.App. 1st Cir. 1977), an exception of lack of subject matter jurisdiction was maintained and the dismissal of suit without opportunity to amend was upheld since a specific statute granted exclusive jurisdiction to another tribunala defect that an amendment could not cure.
From the record before us, we cannot exclude the possibility that the plaintiffs can amend to cure the defect. In our opinion, the trial court erred in not giving plaintiffs an opportunity to cure the defect by amendment.
For the above reasons, the trial court judgment dismissing plaintiffs' lawsuit is reversed and remanded to the trial court to enter an order allowing the plaintiffs a delay within which to amend their petition or to otherwise cure the defects complained of in the exception of personal jurisdiction. The case is to be dismissed only upon noncompliance with such order. The costs of this appeal are assessed against the plaintiffs-appellants.
REVERSED AND REMANDED.