413 So.2d 342 (1982)
Lenis HEBERT, Plaintiff,
v.
Gordon VICE, et al., Defendants,
Arrowglass Boat and Manufacturing Company, Inc. and Admiral Insurance Company, Defendants-Third Party Plaintiffs-Appellants,
Norris Marine, Inc., Defendant-Third Party Defendant-Appellee.
No. 8753.
Court of Appeal of Louisiana, Third Circuit.
April 14, 1982.
Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Graham N. Smith and Timothy J. McNamara, Lafayette, for defendant-appellant.
Cooper & Cooper, Terry B. Loup, Baton Rouge, for plaintiff-appellee.
Voorhies & Labbe, E. Gregory Voorhies, Lafayette, Roy, Forrest & Lopresto, Alex Lopresto, III, New Iberia, Broussard, Broussard & Moresi, Paul G. Moresi, Abbeville, Davidson, Meaux, Sonnier & Roy, V. Farley Sonnier, Lafayette, Guglielmo & Lopez, *343 James T. Guglielmo, Opelousas, for defendant-appellee.
Before DOMENGEAUX, FORET and LABORDE, JJ.
DOMENGEAUX, Judge.
This case comes to us on appeal from a judgment of the trial court dismissing, by summary judgment, the third party demand of third party plaintiffs-appellants, Arrowglass Boat and Manufacturing Company, Inc. (Arrowglass), and Admiral Insurance Company (Admiral), against third party defendant-appellee, Norris Marine, Inc. (Norris). We reverse and remand to the district court for proceedings consistent with this opinion.
The plaintiff in this matter, Lenis Hebert, originally filed suit for damages resulting from injuries he sustained in a boating accident which allegedly occurred on April 17, 1977. Plaintiff claims that he was riding in a boat manufactured by Arrowglass when the driver of the boat lost control and ran it into a riverbank. Plaintiff contends, among other things,[1] that while crossing an oncoming vessel's wake the driver of the boat he occupied lost control when the seat in which said driver was sitting came loose from the boat's deck and pulled away from the steering wheel.
Plaintiff initially named as defendants the boats' owners, their operators, and the liability insurer of the boat in which he was riding, but later amended his petition to include Arrowglass, its insurer, Admiral, and a local boat retailer, Norris. Norris then filed a motion for summary judgment. A hearing was held on February 17, 1981, and by minute entry dated March 25, 1981, Norris obtained summary judgment dismissing it from the lawsuit.
After the hearing, but before the judgment of dismissal was entered, Arrowglass and Admiral filed a third party demand against Norris alleging that Norris was guilty of the following specific acts of negligence:
(a) Relocating the driver's seat in the boat without using a sufficient number of screws to insure that the seat was safely remounted and would not come loose from the decking;
(b) Tampering with and/or modifying the fastening of the driver's seat to the boat deck as it came from the factory;
(c) Moving the driver's seat in the boat and remounting it without observing proper safety standards to insure the seaworthiness of the means by which the seat was mounted on the deck;
(d) Removing the factory supplied screws which fastened the driver's seat to the deck, and substituting screws of a different quality which were unseaworthy and likely to deteriorate because of rust;
(e) Other acts of negligence.
Further, in paragraph (10) of their third party demand, Arrowglass and Admiral allege:
"Additionally, and in the alternative, third party petitioners aver that after the boat was sold by Norris Marine, Inc., to defendant, Gordon W. Vice, it was returned to Norris Marine, Inc. for service and remounting of the seat, and that Norris Marine, Inc. was negligent in its execution of that remounting, in the same particulars as set forth in paragraph (9) above."
At that point, Norris filed another motion for summary judgment on the claim of Arrowglass and Admiral against it. The hearing was held on that motion on June 15, 1981, and judgment of dismissal was entered on June 13, 1981, dismissing the third party demand. This appeal is taken from that judgment.
Appellants contend on appeal that the trial court erred in granting Norris' motion for summary judgment in two respects:
(1) In finding that there was no genuine issue of material fact as to whether or not *344 Norris remounted the boat seat which allegedly came loose; and
(2) In finding that the alleged defects in this particular watercraft could not be easily detectable by Norris in a simple routine inspection.
Louisiana Code of Civil Procedure Article 966 provides that a mover is entitled to summary judgment if the proceedings, depositions, admissions on file, affidavits, and answers to interrogatories show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.
It is well settled in our jurisprudence that a motion for summary judgment is not a substitute for a trial. Further, all doubt concerning a dispute as to a material issue of fact must be resolved against granting a motion for summary judgment and in favor of trial on the merits. Odom v. Hooper, 273 So.2d 510 (La.1973).
In Mashburn v. Collin, 355 So.2d 879 (La. 1977), the Louisiana Supreme Court stated at page 890:
"A motion for summary judgment should be granted where it is shown that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. The party moving for summary judgment has the burden of showing the absence of a genuine issue as to any material fact. And where the trial court is presented with a choice of reasonable inferences to be drawn from the subsidiary facts contained in the affidavits, attached exhibits and depositions, the reasonable inferences must be viewed in the light most favorable to the party opposing the motion." (Footnote references deleted).
Appellants' first contention is that there is a genuine issue of material fact namely: who improperly reinstalled the boat's driver's seat with only four screws instead of six?
In support of its motion for summary judgment, Norris offered the affidavits of its owner, Wilton Norris, Jr., and the owner of Thomas Gulf Marine, Inc., Alfred Thomas.[2] In response to Norris' motion, Arrowglass and Admiral offered the depositions of Bobby Franks, who was in charge of final assembly for Arrowglass at the time this boat was produced, Harry Schmeisser, Jr., who was President of Arrowglass at that time, and Gordon Vice, the boat's owner. Appellants also offered an affidavit from James Waynne, who inspected the boat and the remains of the seat mountings on February 9, 1981.
Both Messrs. Norris and Thomas testified that neither Thomas Gulf Marine, Inc. nor Norris Marine, Inc. modified or repaired the seats while the boat was in their respective possessions. They further stated that the boat had been sold to each of them with the seats completely installed. Mr. Franks, on the other hand, testified in his deposition that he oversees the final assembly of the boats of this type manufactured by Arrowglass. Part of his duties as department head for final assembly is to oversee the inspectors who make the final inspections on these boats. Whereas it is true that Mr. Franks does not inspect every boat himself, he supervises those who do. Mr. Franks further testified that he has never seen seats improperly installed in this type of craft. Finally, Mr. Franks stated that no seats left the plant without first meeting his standards, i.e., fastened down with six screws.
In essence, Norris contends that neither he nor his predecessor, Thomas Gulf Marine, Inc. reinstalled the boat's seat with only four screws. Contrarily, Arrowglass submits that it installs all seats of this type with six screws, and that no boat is allowed to leave its plant until completion of a final inspection. This inspection includes, according to Mr. Franks, the checking of the seat's pedestal base to confirm that all six screws are properly installed.
*345 Inferences to be drawn from the underlying facts contained in materials before this Court must be viewed in a light most favorable to Arrowglass and Admiral who oppose Norris' motion for summary judgment. Vermilion Corporation v. Vaughn, 397 So.2d 490 (La.1981). When we closely scrutinize Norris' position and more indulgently treat the opposing deposition, we conclude that Norris has failed to satisfy its burden of proving the absence of a genuine issue of material fact relating to its position of non-tampering with the boat seat. It seems obvious to us that a genuine issue of material fact exists as to whether or not the seat in question was improperly reinstalled with only four screws, and, if so, by whom. Therefore, Norris' motion for summary judgment on this issue should have been denied by the district court.
Appellant's second contention is that the trial court erred in determining that defective installation could not have been detected upon simple routine inspection of the watercraft.
In a minute entry dated July 1, 1981, the trial judge adopted the reasons given in his March 25, 1981 minute entry for granting Norris' motion for summary judgment. The pertinent part of the March 25, 1981 minute entry reads as follows:
"It is well established in Louisiana law that a non-manufacturer seller is not responsible for damages in tort absent a showing that he knew or should have known of the defect in the product. Spillers v. Montgomery Ward, 294 So.2d 803, 1977. There is no duty imposed upon the seller to make minute inspection or to disassemble the product to search for defects. Spillers, supra. The most recent affirmation of this principle occurred in Harris v. Bardwell, 373 So.2d 777, 2d Cir., 1979, in a factual situation similar to the one presented here. The Court found that `the fact that none of the six screws in the pedestal base went into the keelboard was not detectable by simple inspection with the naked eye' and therefore the seller was not presumed to know the defects of the thing.
Arrowglass maintains that there were ten (10) screw holes in the decking beneath the carpet and the seat, and that the seller should have lifted the carpet to inspect the way in which the seat was mounted and then warned the defendant that six (6) screws were insufficient to secure the seat. The Court finds no merit in this argument. Norris Marine submitted affidavits stating that they received the boat from Thomas Marine, Inc. with the seats completely installed and that no modifications or repairs of any kind were made to the seats subsequent to receipt. The Court finds that the defect existing in the boat could not be detected by reasonable inspection and, therefore, the seller was not presumed to know the existence of the defect and has no liability in tort."
The district court correctly points out that there is no duty imposed upon the seller, who is not the manufacturer, to make minute inspections or to disassemble the product to search for defects. There was imposed upon the seller, however, the duty to perform routine, normal inspections in the business, upon receipt of the product, checking and discovering those defects which are patent and obvious. See Peltier v. Seabird Industries, Inc., 304 So.2d 695 (La.App. 3rd Cir. 1974) and the cases cited therein.
The present case is unlike the Harris case, supra, relied on by the trial judge. In Harris, as the trial judge notes, the issue was whether or not two of the six screws in the pedestal base of the seat penetrated the boat's keelboard which is located beneath the boat's flooring. In that case it was determined that a simple routine inspection would not reveal a defect resulting from the failure of two screws to penetrate the keelboard, since the keelboard is not visible to the naked eye. The same is not true in the case before us. Neither Mr. Thomas nor Mr. Norris addresses in their affidavits whether or not they could have detected that two screws were missing from the seat support had they made a simple routine inspection. Their affidavits merely stated *346 that they did not initially install the seat or subsequently remount it. Both the affidavits of Mr. Waynne and the deposition of Mr. Schmeisser, on the other hand, clearly point out that had two screws been missing from the seat space this could have easily been discovered by merely lifting the boat's seat and viewing same. Removal of the carpet, as the trial judge indicates, was not necessary. Accordingly, we find that there is a genuine issue of material fact as to whether or not the alleged defect in the seat installation was obvious and could have been discovered upon routine inspection by Norris.
For the above and foregoing reasons the judgment of the trial court is reversed and the case is remanded to the district court for proceedings consistent with this opinion.
Costs of this appeal are to be assessed against third party defendant-appellee, Norris Marine, Inc. Assessment of all other costs to await final disposition of the case.
REVERSED AND REMANDED.
NOTES
[1] Plaintiff also contends that the accident partially resulted from the large wake created by the passing vessel and negligent operation by the driver of the boat in which he was a passenger.
[2] Thomas Gulf Marine, Inc. had sold the boat to Norris prior to Norris' sale to its present owner.