439 So.2d 542 (1983)
Joseph LYTELL, et al.
v.
The GOODYEAR TIRE & RUBBER CO., et al.
No. 82 CA 1120.
Court of Appeal of Louisiana, First Circuit.
October 11, 1983.
*543 Bernard S. Smith, Covington, for plaintiffs-appellants.
Peter Feringa, New Orleans, for defendant-appellee, Goodyear Tire & Rubber Co.
Marsha Healy, Metairie, for defendant-appellee, Liberty Mut. Ins. Co.
Wilson Krebs, Covington, for defendant-appellee, Town of Mandeville.
Don Richard, New Orleans, for defendant-appellee, Kelsey Hayes Co.
William Hamlin, New Orleans, for defendant-appellee, Firestone Tire & Rubber.
Mike Balen, Covington, for defendant-appellee, James Campbell Repair.
John H. Musser, IV, New Orleans, for defendant-appellee, O'Keefe Tire & Auto Inc.
*544 John McGuckin, Metairie, for defendant-appellee, General Fire & Acc.
France W. Watts, Franklinton, for defendant-appellee, Travelers, Ins.
Before PONDER, WATKINS and CARTER, JJ.
CARTER, Judge:
This is an appeal from a trial court judgment dismissing, by summary judgment, the Goodyear Tire and Rubber Company from a products liability suit.
On September 2, 1980, plaintiff, Joseph Lytell and his nephew went to the Mandeville Town Barn to inspect a 1967 Ford dump truck, which he contemplated purchasing. During his inspection of the truck, Lytell noticed that one of the right rear tires was underinflated.
Lytell borrowed the city's air compressor and a tire gauge to inflate the tire. He then proceeded to inflate the tire to 50 lbs. p.s.i. Lytell returned the gauge and resumed a crouched position in front of the tire. Before Lytell could replace the valve cap on the valve stem, the rim of the wheel exploded, and Lytell was injured.
Lytell instituted this products liability suit naming as defendants the Town of Mandeville (the alleged owner of the truck), General Accident, Fire and Life Assurance Corporation, Ltd. (the town's insurer), The Travelers (the town's joint insurer), Ford Motor Company (manufacturer of the truck), Goodyear Tire and Rubber Company (manufacturer of the tire), Firestone Tire and Rubber Company (manufacturer of the side ring), and Kelsey-Hayes Company (manufacturer of the rim).
Goodyear filed a motion for summary judgment, contending that the tire manufactured by Goodyear did not cause or contribute to the harm complained of. The trial court granted the motion for summary judgment finding that there was no genuine issue of material fact as to Goodyear's liability.
Lytell subsequently filed a motion for new trial based on Goodyear's failure to allow discovery. The trial court denied Lytell's motion for new trial on the summary judgment.
Lytell appeals asserting that the trial court erred in two respects: (1) in granting Goodyear's motion for summary judgment; and (2) in denying Lytell's motion for new trial.

Motion for Summary Judgment
The issue in this assignment of error is whether, based on the pleadings, answers to interrogatories, depositions, and other evidence, a genuine issue of material fact was presented and whether mover is entitled to judgment as a matter of law.
Plaintiff alleged in his petition that the tire manufactured by Goodyear, at least partially, caused his injuries.[1]
*545 From the depositions of Joseph Lytell, Joseph Milton Johnson, and Jules Edward Walder, Jr.[2], it is undisputed that Lytell put 50 lbs. of air in one of the tires on the truck and an explosion resulted. Plaintiff's expert, Charles Strader, by deposition stated that the tire was not the direct cause of the explosion. Strader testified that although the tire showed a little age, "it was a tire I would have pulled the nail out of and wouldn't have been afraid to put back into service." He later testified that he would have been willing "to mount it on a safe wheel and put it back into certain service." In his failure analysis report, Strader concluded:
"The tube Mr. Lytell recovered several weeks after the accident is not the tube involved in explosion. I was unable to find nail penatration (sic) in tube and hole in valve area is not type of injury to expect with this type of failure. The tube was delivered to me in a plastic bag. The Goodyear tire was manufactured the 19th week of 1973 and despite the age could be placed in limited service after removing nail and making suitable repair. The side ring has been abused from beatings in the mounting and dismounting operation. The rusted, corroded, worn and abused components should have been discarded and not placed in service. This type wheel is dangerous when new, and the hazards are exacerbated when used in this condition. This wheel is defective by reason of design. Because of the large number of injuries and fatalities, the National Highway Traffic Safety Administration persuaded the manufacturers in June 1973 to phase out this wheel and replace it with a new and safer design. Because of the location and type of side ring locking mechanism, it is not possible visually to determine if the side ring is properly seated in rim gutter before inflating tire. The manufacturer has replaced this wheel with the XL. which enables operator to determine if lock or side ring is properly situated."
It is undisputed that the Goodyear tire remains in usable condition and is not defective.
An injured claimant has the burden of proving that the product was defective, i.e. unreasonably dangerous to normal use, and that the plaintiff's injuries were caused by reason of the defect. Hebert v. Brazzel, 403 So.2d 1242 (La.1981); LoBrono v. Gene Ducote Volkswagen, Inc., 403 So.2d 723 (La. 1981); Weber v. Fidelity & Casualty Insurance Co. of N.Y., 259 La. 599, 250 So.2d 754 (La.1971).
Plaintiff strenuously argues that Goodyear knew of the danger which existed when one of its tires was mounted on a split-rim wheel. Lytell specifically points to the warnings in the National Wheel and Rim Association manual in support of his position that Goodyear had a duty to warn of the dangers inherent in its product.
We agree that a manufacturer has a duty to give adequate warning of unreasonable danger involved in the normal use of its product, where the manufacturer knows or should know of such danger. Chappuis v. Sears Roebuck & Co., 358 So.2d 926 (La. 1978); Cobb v. Insured Lloyds, 387 So.2d 13 (La.App. 3rd Cir.1980), writ denied, 394 So.2d 615 (La.1980). However, such a duty does not extend to a manufacturer whose product is not the legal cause of the injury complained of.
In Lovell v. Earl Grissmer Co., Inc., 422 So.2d 1344 (La.App. 1st Cir.1982), writ denied, 427 So.2d 871 (La.1983), this court set forth the distinction between cause-in-fact and legal cause. In Lovell, defendant was the manufacturer of an electrically-powered, high pressure water sprayer known as the "Blue Lustre Dirt Buster." The plaintiff in Lovell died from an electrical shock *546 received while using the Dirt Buster to clear the outside of his house. The electric shock received by Lovell was causally related to his use of the Dirt Buster, but the death of Lovell was not found to be the cause resulting from any unreasonably dangerous condition of the machine. The death was the result of the failure of the electrician to properly ground a receptacle in which the Dirt Buster was plugged. See Lovell v. Earl Grissmer Co., Inc., supra.
Similarly, in the case sub judice, the injuries to the plaintiff were not caused by any unreasonably dangerous condition of the Goodyear tire, but were the result of the split-rim wheel on which the tire had been mounted. The tire mounted on a safe rim posed no hazardous condition, just as the "Blue Lustre Dirt Buster" plugged into a properly grounded receptacle posed no hazardous condition.
Louisiana Code of Civil Procedure Article 966 provides that a mover is entitled to summary judgment if the proceedings, depositions, admissions on file, affidavits, and answers to interrogatories show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.[3]Morgan v. Matlack, Inc., 342 So.2d 167 (La.1977); Hebert v. Vice, 413 So.2d 342 (La.App. 3rd Cir.1982).
Summary judgment is not a substitute for trial on the merits and cannot be rendered in the absence of a clear showing that there is no genuine issue as to material fact. Landry v. Brandy, 389 So.2d 93 (La. App. 4th Cir.1980); Fly v. Hand, 376 So.2d 1016 (La.App. 1st Cir.1979). In determining the genuineness of the issue, the courts are not permitted to consider the merits of the facts at issue, the credibility of witnesses, or whether or not the party alleging the fact will be able to sustain the burden of proving it. Gulf-Wandes Corp. v. Vinson Guard Serv., Inc., 393 So.2d 207 (La.App. 1st Cir.1980), writ denied, 397 So.2d 1359 (La.1981).
The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment. Chaisson v. Domingue, 372 So.2d 1225 (La.1979). Further, all doubt concerning a dispute as to a material issue of fact must be resolved against granting a motion for summary judgment. Odom v. Hooper, 273 So.2d 510 (La.1973); Hebert v. Vice, supra.
Stated another way, only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. Thornhill v. Black, Sivalls & Bryson, Inc., 394 So.2d 1189 (La.1981).
Since the evidence presented on the motion for summary judgment presents no genuine issue of material fact as to Goodyear's liability and because reasonable minds must inevitably conclude that Goodyear is entitled to a judgment on these facts as a matter of law, the motion for summary judgment was properly granted.

Motion for New Trial
In this assignment of error, the issue is whether the trial judge abused his discretion in denying the plaintiff's motion for new trial.
Plaintiff alleged in his motion for new trial that Goodyear consistently failed to allow discovery and that the granting of *547 the motion for summary judgment was contrary to the law and the evidence.
In motions for a new trial, the Code of Civil Procedure requires that a new trial be granted "where the judgment appears clearly contrary to the law and the evidence."[4] The granting of a new trial is within the discretion of the trial court "in any case if there is good grounds therefor." LSA-C.C.P. art. 1973.
Although plaintiff alleged one peremptory ground (judgment contrary to the law and the evidence) and one discretionary ground (Goodyear's failure to allow discovery) in his original motion for new trial, his appeal addresses only the discretionary ground. Therefore, we will only address the issue as to Goodyear's failure to allow discovery.
It is clear from the record that plaintiff made numerous attempts at discovery, without success. Plaintiff, however, has not set forth any relevant evidence that he has been denied as a result of Goodyear's failure to respond to discovery devices, but merely makes an assertion that the information sought to be discovered was to be used by plaintiff in opposition to the motion for summary judgment.
Where a motion for new trial is based on discretionary grounds, LSA-C.C.P. art. 1973, the appellate court will not reverse the trial court unless an abuse of discretion is established. Simas v. Hicks, 381 So.2d 949 (La.App. 3rd Cir.1980). Under the circumstances of this case and without knowledge of what supportive evidence plaintiff contends that he was denied, we cannot say that the trial court abused its discretion in refusing to grant a new trial.
Furthermore, a motion for new trial is not the proper procedural vehicle to enforce discovery sanctions. The Code of Civil Procedure provides numerous remedies against a recalcitrant party avoiding discovery. See LSA-C.C.P. arts. 1469-1473.
For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal to be paid by appellant.
AFFIRMED.
NOTES
[1] The specific allegations in plaintiff's petition, as amended, which address Goodyear's liability provide:

"III A
The truck which caused plaintiff Joseph Lytell's injuries was manufactured by Ford; the rim base from which the side ring, lock ring, or flange exploded was manufactured by Kelsey; the side ring, lock ring, or flange (hereinafter referred to as the side ring) was manufactured by Firestone; the tire which was mounted to the wheel base and side ring was manufactured by defendant Goodyear.
* * * * * *
VIII
In the alternative, upon information and belief, the damages to plaintiffs were caused jointly and severally with Ford by defendant Goodyear's negligence in:
(a) Manufacturing a product which was unreasonably dangerous to normal use.
(b) Failing to give adequate warning of unreasonable dangers involved in the normal use of its product where they knew or should have known of such dangers.
(c) Other acts of negligence that will be brought out at the trial of this case.
* * * * * *
X
Plaintiffs specifically and further claim the defendants Ford, Goodyear, Kelsey and Firestone are strictly liable in tort and guilty of gross negligence in manufacturing a product for public use when they knew said product was dangerous and/or had caused serious injury repeatedly and/or despite having knowledge proceeded on a cost analysis basis to continue putting their product on the market place. Further, and therefore, they are each liable in solido to plaintiffs for reasonable attorney fees and costs for having to bring this suit."
[2] Joseph Milton Johnson, nephew of Lytell, accompanied Lytell to the Mandeville Town Barn on September 2, 1980. Jules Edward Walder, Jr. is the Street Commissioner of the Town of Mandeville. Both were eye-witnesses to Lytell's actions immediately prior to his injury.
[3] LSA-C.C.P. art. 966 provides:

"The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
"The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
[4] LSA-C.C.P. art. 1972, which sets forth the peremptory grounds for new trial, provides:

"A new trial shall be granted, upon contradictory motion for any party, in the following cases:
(1) Where the judgment appears clearly contrary to the law and the evidence;
(2) Where the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial; or
(3) In jury cases, as provided in Article 1814."