COLE, Judge.
The issue presented here is whether or not plaintiffs appeal was filed timely.
Plaintiff Brenda Sanchez filed suit against defendants, Norman J. Sanchez, Sr. and Mary Ann C. Sanchez, seeking the rescission of a sale of immovable property. Defendants reconvened for damages allegedly caused by plaintiffs suit. Trial was held on September 30, 1983 and the case was taken under advisement. On November 21, 1983, judgment was signed, partially in favor of plaintiff and partially in favor of defendants. The record does not show a notice of judgment was sent to the parties, nor does it reflect a motion for a new trial.
*1078 Defendants were granted a devolutive appeal by order signed on December 1, 1983. Plaintiff was granted a devolutive appeal on February 16, 1984. Defendants then filed this motion, arguing plaintiffs appeal was not filed timely. We disagree.
When a case is taken under advisement, a notice of the signing of a final judgment shall be mailed by the clerk of court to counsel of record for each party, and the clerk shall file a certificate in the record indicating the date of the notice. Code of Civ.P. art. 1913. The time period for taking a devolutive appeal, in cases where a new trial has not been applied for, is 60 days after the expiration of the delay for applying for a new trial. Code of Civ.P. art. 2087. In cases where notice of judgment is required under art. 1913, this delay begins running on the date after the sheriff has served, or the clerk has mailed, the notice of judgment. Code of Civ.P. art. 1974.
Therefore, in cases where notice of judgment is required (as in the present case) but no such notice was given, the delay for applying for a new trial, and hence the delay for taking a devolutive appeal, does not begin to run. See Penalber v. Blount, 405 So.2d 1376 (La.App. 1st Cir.1981). Accordingly, plaintiffs appeal was filed timely-
MOTION TO DISMISS DENIED.