467 So.2d 619 (1985)
Rhonda Fruge ORDNER and Charles Wayne Ordner, Plaintiffs-Appellees,
v.
FIRE INSURANCE CO. OF QUAKER CITY and United Fire Insurance, Defendants-Appellants.
No. 84-249.
Court of Appeal of Louisiana, Third Circuit.
April 10, 1985.
Gold, Simon, Weems, Bruser, Sharp, Sues & Rundell, Christine Frank, Alexandria, for defendants-appellants.
John P. Navarre, Oakdale, and John E. Demoruelle, Kinder, for plaintiffs-appellees.
Before FORET, STOKER and KNOLL, JJ.
KNOLL, Judge.
This appeal involves a disputed claim for fire insurance proceeds. Rhonda Faye Ordner and Charles Wayne Ordner brought this action against Fire Insurance Company of Quaker City (hereafter Fire Insurance) and its former servicing agent, United Fire *620 Insurance Company (hereafter United Fire), for the loss of their marital residence and furnishings therein which were destroyed by fire. United Fire and the Ordners each filed a motion for summary judgment. The trial court granted the Ordners' motion for summary judgment against Fire Insurance. The court ordered Fire Insurance to pay the Ordners $23,519.17 finding that the release printed on the back of the check constituted a completed compromise agreement.
Fire Insurance appeals the summary judgment, contending the trial court erred: (1) in ruling that payment of a claim under an insurance policy is a compromise agreement; and (2) in not ruling that the transaction the parties entered into was void due to error in the motive of the contract and/or due to error induced by fraud. We reverse and remand, finding the trial court improperly granted the Ordners' motion for summary judgment; therefore, we pretermit treatment of the assignments of error.

FACTS
Charles Ordner was married to Rhonda Fruge Ordner for approximately 11 years when Rhonda left the marital domicile on June 20, 1982. On July 26, 1982, Charles Ordner submitted an application for fire insurance coverage on the Ordner marital residence located in Pine Prarie, Louisiana. Fire Insurance issued the policy with coverage of $20,000 on the house and $10,000 on personal contents. The Ordner home was totally destroyed by fire on August 5, 1982. A notice of loss was submitted to Fire Insurance the following day.
The State Fire Marshall's office conducted an investigation since arson was suspected. Charles Ordner was initially a suspect. The policy specifically excluded coverage for any damages caused by the intentional act of arson on the part of the insured, therefore, Fire Insurance withheld payment of the claim. On September 3, 1982, Fire Insurance was informed that there was no evidence linking Charles Ordner to the suspected arson. On September 24, 1982, Fire Insurance issued a check to the Ordners in the sum of $23,519.17, relying on Charles Ordner's representation that he had no knowledge of the incendiary nature of the fire.
Shortly thereafter, Fire Insurance was informed that Charles Ordner was arrested and charged with arson with intent to defraud. Fire Insurance then issued a stop payment on the check.

SUMMARY JUDGMENT
LSA-C.C.P. Art. 966 provides:
"A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
B. The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C. A summary judgment may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages." (Emphasis added.)
It is only genuine issues of material fact that preclude relief sought by motion for summary judgment. A summary judgment should be granted when a reasonable mind must conclude there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. Butler v. K-Mart Corporation, et al., 432 So.2d 968 (La.App. 4th Cir.1983); Chaisson v. Domingue, 372 So.2d 1225 (La.1979). The burden of proof is on the mover and any doubt will be resolved against granting *621 of a summary judgment. Herbert v. Vice, 413 So.2d 342 (La.App. 3rd Cir.1982); Vermilion Corporation v. Vaughn, 397 So.2d 490 (La.1981).
Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction. LSA-C.C. Art. 1953. Fraud need only be proved by a preponderance of the evidence and may be established by circumstantial evidence. LSA-C.C. Art. 1957. A transaction may be rescinded in cases where fraud exists. LSA-C.C. Art. 3079.
In the case at hand, the trial court granted a summary judgment in favor of the Ordners while Charles Ordner was being investigated for arson with intent to defraud. The question of whether or not Charles Ordner committed arson of the marital residence presents a genuine issue of material fact. It has a direct bearing on the agreement since a contract may be rescinded in cases where fraud exists. Under these circumstances, we find that there are genuine issues of material fact and that it is not clear that the Ordners are entitled to judgment as a matter of law. Therefore, we conclude that the trial court committed manifest error in granting the motion for summary judgment.
For the foregoing reasons, the judgment of the trial court is reversed and set aside, and the case is remanded for further proceedings.
REVERSED AND REMANDED.