GOTHARD, Judge.
This is an appeal by the defendants from a summary judgment and from a judgment denying an action for nullity of judgment and motion for new trial.
The case arises from a suit by Mr. and Mrs. Joseph C. Ancona to nullify the sale of real property to Mr. and Mrs. David Stanley Lathan for lack of consideration. The petition alleged that the defendants had failed to pay the $4,000 down payment and to make monthly payments.
The defendants answered the suit and on April 28, 1986 the plaintiffs filed a motion for summary judgment. The judge signed an order setting the hearing for August 19, 1986, which contains a handwritten notation, “6-5-86, cc Danny' Becnel” and a certificate of mailing by the plaintiffs’ attorney. Counsel for the defendants admits having received the pleading. On June 3, at the request of the plaintiffs’ counsel, the judge reset the matter for an earlier date, July 23, 1986. A certificate of the clerk of court includes the typed order: “Serve all counsel by U.S. Mail on all Unrepresented Parties.” A handwritten notation reads, “6-5-86 cc Robert Faucheaux, Jr., Daniel Becnel.” Allegedly because he failed to receive the notice, counsel for the defendants was not present on July 23, 1986.
The extract of minutes shows that summary judgment was taken under advisement and judgment in favor of plaintiffs signed on July 24,1986. On that judgment is hand-written, “7-25-86 cc Robert Fau-cheaux, Robert Becnel.” Daniel Becnel, counsel for the defendant, alleged that he did not receive the notice of judgment and was unaware it had been rendered until late September, 1986. On October 2, 1986 he filed an action to nullify the judgment and for a new trial on the basis of lack of notice of resetting the trial and failure of the Clerk of Court to mail him notice of the summary judgment. After a hearing, the trial judge rendered judgment in favor of the plaintiffs on October 15, 1986, denying the defendants’ motion for a new trial and ruling that, “this Judgment of the Court remains the Final Judgment in this matter.” The defendants took a suspensive appeal from both the summary judgment of July 24 and the judgment of October 15, 1986.
The plaintiffs filed two motions to dismiss the appeal, the second being directed at the summary judgment, for which they asserted the appeal was untimely. This court denied the motions to dismiss and referred the issue of timeliness to the hearing of the merits.
The defendants raise the following issues: 1) whether summary judgment was appropriate; 2) whether the defendants were served with notice of the resetting of a trial date; 3) whether the appeal of the July 24, 1986 judgment was timely, that is, whether notice of judgment was properly *224 served; and 4) whether a new trial should have been granted. In order to determine whether the merits of the summary judgment are properly before us we must first consider the issues of notice of trial and notice of judgment.

Notice of Trial

The district courts are authorized by La.C.C.P. art. 1571 to set rules for adequate notice to the parties of dates of trial. Failure to receive notice of trial may entitle the party to a discretionary grant of a new trial under La.C.C.P. art. 1973; however, the trial court’s action will be reversed on appeal only upon a showing of an abuse of discretion. Simas v. Hicks, 381 So.2d 949 (La.App. 3rd Cir.1980). Where the record indicates that notice was mailed by the clerk, in whatever form, the courts have held that adequate notice was given. Si-mas v. Hicks, supra; Prejean v. Ortego, 262 So.2d 402 (La.App. 3rd Cir.1972); Bor-delon v. Miramon, 469 So.2d 1213 (La.App. 1st Cir.1985). As no particular form is required, the mailing of a Xerox copy of the order to set to counsel of record is sufficient and we affirm the trial judge’s finding that counsel for defendants received notice of the resetting of trial.

Notice Of Summary Judgment

La.C.C.P. art. 1913 provides that notice is required in certain cases, as follows in pertinent part:
Except as otherwise provided by Article 3307, when a case has been taken under advisement by the court notice of the signing of a final judgment therein shall be mailed by the clerk of court of the parish where the case was tried to the counsel of record for each party, and to each party not represented by counsel.
[[Image here]]
The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.
Where the case has been taken under advisement but notice of judgment has not been mailed to the parties, the delay for applying for a new trial and the delay for taking a devolutive appeal does not begin to run. Sanchez v. Sanchez, 450 So.2d 1077 (La.App. 1st Cir.1984); Hamiter v. Hamiter, 414 So.2d 1379 (La.App. 2nd Cir.1982).
Counsel for the appellant points out that,' if the notation of the judgment of July 24, 1986 is to be accepted as the certificate of the clerk of court, the copy was sent to Robert Becnel, his brother, who practices in LaPlace. If received there, the personnel would not have known for whom it was intended. At any rate, counsel insists he was unaware of the judgment until he received a returned mortgage payment from the appellee’s counsel in September. There is a controversy in the jurisprudence as to what writings fulfil the requirement of a clerk’s certificate. In Roy Fink, Inc. v. State, D.O.T.D., 464 So.2d 1064 (La.App. 1st Cir.1985), writ denied 467 So.2d 539, 541 (La.1985), the court held that a letter to the plaintiffs from the clerk informing them of the date judgment was signed and containing a “c.c.” notation did not meet the requirement of a certificate showing the date of mailing. However, in Trailwood Forest-Calcasieu, Ltd. v. Coursey, 372 So.2d 615 (La.App. 3rd Cir.1979), writ denied 375 So.2d 958 (La.1979), the court upheld a letter from the clerk directed to the two ' attorneys, reporting the date of judgment, but not certifying the date of mailing. The court accepted the date of the letter as the date of mailing in determining that the appeal was not timely filed.
The copy of judgment in the record before us contains no statement certifying as to the date of mailing by the clerk of court, and the “c.c.” notation indicates it was mailed to a person other than counsel for the defendants. Accordingly, the record does not show compliance with the requirement for mailing notice set out in La.C.C.P. art. 1913. For that reason, we hold that counsel for the appellants in this case did not receive the required notice of judgment, the delay for filing an appeal did not begin to run, and his appeal from summary judgment was timely.

*225
Summary Judgment

The plaintiffs’ petition alleged that the defendants had failed to pay the $4,000 cash down payment or the monthly installments. The affidavit of Mrs. Ancona, one of the sellers, attested to non-payment of the installments and the down payment. The affidavit of Joyce LeBoeuf, the real estate agent, stated that the purchasers presented a check for $4,000 that was held by A.F. Corcoran of G.F. Corcoran and Associates, Inc., realtors; that the check was deposited on the instructions of Mr. Ancona and was returned N.S.F.; and that Mr. Lathan, the purchaser, had told her his I.R.S. refund was due within ten days of the signing of the purchase agreement. The agreement to purchase was signed August 24, 1985 and provided for a deposit upon acceptance of the offer of “Four thousand dollars due with I.R.S. Check.” No other deadline was specified in the agreement. The act of sale, dated September 20, 1985, recites that the purchaser “has well and truly paid the sum of $4,000, in ready and current money to Vendor, who hereby acknowledges receipt thereof and grants full acquittance and discharge therefor.” The defendants’ answer, filed on March 27, 1986, denied non-payment of the $4,000 down payment but answered further that it was agreed that payment would be made when the defendants received their federal tax refund, which they had not yet received. Cancelled checks submitted with the defendants’ answer rebutted the plaintiffs’ allegations of non-payment of the monthly installments up to the date suit was filed.
There remains a question of material fact as to the agreement between the parties upon a deadline for payment of the $4,000, as none is written into the agreement to purchase. Only when reasonable minds must conclude that the mover for summary judgment is entitled to judgment as a matter of law on the facts before the court is a summary judgment appropriate. Chaisson v. Domingue, 372 So.2d 1225 (La.1979).
Accordingly, we reverse the trial court’s denial of a new trial and hold that notice of signing of the summary judgment was not in compliance with La.C.C.P. art. 1913. We also reverse and set aside summary judgment rendered on July 24,1986 and remand for trial of the merits.
REVERSED, SET ASIDE, AND REMANDED.