HERBERT A. CADE, Judge Pro Tern.
Suit on a lease was filed September 12, 1985 by Dr. George Dimitri against Linda’s Love Lace of Louisiana, Inc., and its president, Linda Mayer. Defendants answered and reconvened in proper person. Trial was set for March 20, 1986; discovery requests were filed and served by all parties. February 28, 1986, on defendants’ motion, trial was reset to April 24, 1986. April 18, 1986, again on defendants’ motion, trial was reset to July 14,1986. Defendants did not appear for trial. Judgment was entered against them, and their reconventional demand dismissed.
Defendants subsequently retained counsel and moved for a new trial, claiming not to have received notice of the July 14, 1986 trial date. Testimony at the hearing on the motion was not permitted; argument was allowed, however. Upon a finding that all parties had, in fact, received notice of the new trial date by certified mail on April 23, 1986, the trial court denied the motion for new trial. Defendants appeal from this ruling, arguing that the trial court erred in refusing to hear testimony at the hearing, *195 and that a new trial should have been granted in any event for lack of “equitable and reasonable notice.”
We affirm. Our law does not require that testimony be heard on a motion for new trial. Indeed, the motion need not be set for contradictory hearing, see Simas v. Hicks, 381 So.2d 949, 950 (La.App. 3rd Cir.1980); Rule IX, Section 5 of the Thirty-Fourth Judicial District Court Rules then in force provided, moreover, that the motion be submitted “on the face of the papers or on briefs,” and permitted argument in the court’s discretion. We find no error therefore, in refusal to hear testimony.
Nor is denial of defendants’ motion error. Lack of notice does not fall within the peremptory grounds for new trial enumerated in the Code of Civil Procedure, although it may entitle a party to a new trial in the discretion of the trial court. C.C.P.Arts. 1972; 1973; Simas v. Hicks, 381 So.2d at 950. Even were we to accept defendants’ claim that notice was not received, and having reviewed the record we find no reason to disturb the trial court’s contrary finding, abuse of discretion in denying a new trial is not shown. See also Mitchell v. Dresser Industries, Inc., 472 So.2d 183 (La.App. 4th Cir.1985).
Affirmed.