DOUCET, Judge.
This is an appeal from a jury verdict in a products liability case. The question before us is whether plaintiffs, through the doctrine of res ipsa loquitur, sustained their burden of proving that the product was unreasonably dangerous in normal use.
On March 25, 1989, the home of L.C. and Mercedes Deshotel was destroyed by fire. The Deshotels and their homeowners insurer, Lexington Insurance Company, sued, among others, Rheem/Ruud Manufacturing Company (Rheem). Plaintiffs alleged that the fire was caused by defects in the air conditioning/heating unit manufactured by Rheem and installed in the Deshotel home.
Prior to trial, the parties stipulated to the extent of the loss sustained in the fire. As a result, the trial concerned only liability. The matter was tried before a jury of twelve.
The liability determination turned on the testimony of the expert witnesses. Dr. Eugene F. Timms was qualified as an expert in the field of electrical engineering and fire investigation on behalf of the plaintiffs. He visited the scene of the fire on April 16, 1989. Dr. Timms stated that he had been able to make a determination that the Rheem unit was the most probable source of the fire. He based this determination in part on his observation that the unit in the east end of the house sustained greater heat damage than the unit on the west end of the house. He further stated that there was not enough of the house’s electrical wiring left to say whether it was a possible cause of the fire. On cross-examination he admitted that for the Rheem unit to have overheated enough to cause the fire, the thermostat, fan, three interior limit switches, and three fuseable links would each have had to fail separately-
Dr. Francis Wells testified as an expert in the field of electrical engineering and fire investigation on behalf of the defendants. Dr. Wells stated that the chance of the thermostat, fan, thermostatic limit switches, and the fuseable links all failing at once was “one in a million million.”
Dr. Ronald Rhoten also testified on behalf of the defendant as an expert in the fields of electrical engineering and electrical fire investigation. He stated that the wiring in the house was the second worst he had ever seen in his years as a fire investigator. He found thirty violations of the National Electrical Code, some of which would cause fire hazards.
The jury returned its verdict in the form of answers to jury interrogations as follows:
JURY INTERROGATORY NO. 1
Do you find that the heating and air conditioning unit manufactured by Rheem *234 Manufacturing Company was defective or unreasonably dangerous in normal use? X YES _ NO.
JURY INTERROGATORY NO. 2
If you answered Interrogatory No. 1 “YES”, do you find that any such defect was a proximate cause of the damages sustained by plaintiffs, L.C. Deshotel and Mercedes Deshotel herein? X YES _ NO.
JURY INTERROGATORY NO. 3
Do you find that defects in the house other than the Rheem unit caused or contributed to the fire and resulting damages to plaintiffs, L.C. Deshotel and Mercedes Deshotel? X YES _ NO.
JURY INTERROGATORY NO. 4
Please assign percentages of fault as to the cause of damages as to plaintiffs, L.C. Deshotel and Mercedes Deshotel. The percentages you enter must total 100%:
Rheem 50%
Defects in House 50%
100%
Judgment was rendered in accord with the jury verdict. Rheem appeals.
In order to recover from the manufacturer in a products liability suit, the plaintiff must prove by a preponderance of the evidence that the product was defective, i.e., unreasonably dangerous to normal use, and that the plaintiff’s injuries were caused by the defect. Lytell v. Goodyear Tire & Rubber Co., 439 So.2d 542 (La.App. 1st Cir.1983).
Spurlock v. Cosmair, Inc., 509 So.2d 826, 828 (La.App. 1st Cir.1987). See also: Reilly v. Dynamic Exploration, Inc., 571 So.2d 140 (La.1990).
Our review of the récord on appeal convinces us that the plaintiffs failed to establish by a preponderance of the evidence that the Rheem unit was unreasonably dangerous. The evidence presented by the plaintiffs merely established that under certain circumstances the unit could have malfunctioned in such a way as to cause a fire. No evidence establishing a defect in the Rheem unit was presented. Rather, the plaintiffs rely on the application of the doctrine of res ipsa loquitur to establish that the product was defective.
The doctrine of res ipsa loquitur is merely a rule of circumstantial evidence whereby negligence on the part of the defendant is inferred because the facts indicate such negligence is the most probable cause of the plaintiff's injuries. Walker v. Union Oil Mill, Inc., 369 So.2d 1043 (La.1979); White .v. CF Industries, Inc., 411 So.2d 511, 516 (La. App. 1st Cir.), writ denied, 413 So.2d 509 (1982). However, application of this doctrine is defeated if an inference that the plaintiffs injuries were due to a cause other than the defendant’s negligence can be drawn as reasonably as one that they were due to such negligence. Walker, supra; Seals v. Pittman, 499 So.2d 114 (La.App. 1st Cir.1986), writ denied, 503 So.2d 15, 1021 (1987).
Spurlock, supra, at 828-829.
In view of the evidence presented at trial, a conclusion could reasonably be reached that defects in the wiring of the house caused the fire. This conclusion is just as reasonable as one that the fire was due to defects in the Rheem unit. Therefore, res ipsa loquitur is not applicable in this case. Spurlock, supra.
Accordingly, the judgment of the trial court is reversed and judgment is hereby rendered in favor of the defendant, Rheem, dismissing plaintiffs’ claims against them. Costs of this appeal are assessed to the plaintiffs.
REVERSED AND RENDERED.